**INTERNATIONAL SECURITY LIFE IN-
SURANCE CO., Appellant,**

v.

**William H. LANGSTON, Appellee.**

No. 8039.

Court of Civil Appeals of Texas,
Amarillo.

June 15, 1970.

Rehearing Denied July 27, 1970.

Bryan & Amidei, and Maurice Amidei,
Forth Worth, for appellant.

Hurley, Sowder & Rogers, and Marvin
Rogers, Lubbock, for appellee.

JOY, Justice.

This is a suit by appellee, William H.
Langston, against appellant, International

Security Life Ins. Co., to recover premiums paid on a hospitalization policy contending fraud and misrepresentation by appellant's authorized representative or agent. From judgment for plaintiff-appellee, defendant-appellant has perfected this appeal. Affirmed.

On March 8, 1968, defendant's representative called upon plaintiff to sell him a hospitalization policy. The representative presented Langston with some printed sales literature that also contained a receipt form. The sales literature contained a statement that the policy "limits only four services", following which statement were the enumerated services. No mention was made of certain exclusions that were listed in the policy itself. The policy was received by plaintiff some two or three weeks after the purchase date of March 8, 1968. On December 12, 1968, the minor son of plaintiff had dental surgery and was confined some two or three days to the hospital. Afterwards plaintiff filed a claim which was rejected by defendant. The policy listed some 16 or more exclusions, including dental surgery. Plaintiff then brought this action to recover premiums paid to the insurer defendant.

 No findings of fact or conclusions of law were requested of or filed by the trial court, therefore, we look only to that evidence most favorable to the issues and disregard that which is opposed or contradictory in nature. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950). Also we are required to affirm the judgment of the trial court if the statement of facts supports the judgment of the trial court on any theory of the case. 3 T.J.2d, p. 689.

Defendant's first three points of error contend no pleadings or no evidence of fraud or misrepresentation, no pleading or evidence that the defendant's agent had authority to represent the terms of the policy other than those actually contained in the policy, and the failure of the trial court to sustain its special exceptions to plaintiff's pleadings regarding defendant's agent's false and fraudulent representations that the policy would contain only the four listed limitations set forth in the sales literature. An examination of the pleadings reveal that the plaintiff did plead fraud and misrepresentation. The plaintiff also testified in reference to the sales literature and the meeting with defendant's agent as follows:

"Q. I will show you P–I and refer especially to the provision that sets out 'limits only four services'.

A. All right.

Q. Was this discussed with you?

A. It certainly was.

Q. All right, sir. Was there any discussion about whether or not this particular instrument here covered the policy that would be issued to you?

A. He said the policy would be the same.

\* \* \* \* \* \*

Q. All right. Did Mr. Cockrell tell you of any other limitations on the policy?

A. No sir.

\* \* \* \* \* \*

Q. All right. And would you have purchased this insurance contract if you had been notified of any other limitations?

A. No, I would not."

The agent of defendant testified on direct examination in part:

"Q. Did you discuss with Mr. Langston anything about the exclusions in this policy?

A. The exclusions wasn't mentioned in the policy.

Q. In other words, you didn't discuss with him anything about the exclusions in the policy?

A. No, the exclusions wasn't—were not mentioned."

**112**

Defendant cites numerous cases regarding an agent's authority to contract, or to change a contract on behalf of the principal. Those cases are not controlling here as they generally do not deal with false representations or fraud of an agent as an inducement to enter into a contract. The defendant acknowledges the use of the printed sales literature but seeks to explain the difference between "limitations" and "exclusions" as used in the hospitalization policy. We doubt that the average purchaser of insurance is sufficiently schooled in the trade usage of the terms to know and understand that difference in reference to their application or use in the policy. We think that the defendant's use of the statement "limits only four services" in its printed sales literature, without reference to numerous exclusions contained in the policy is misleading. Defendant could just as easily have listed the exclusions in its printed sales literature as it did the limitations on services. Having failed to do so, and the agent having represented that the policy would be "the same", we are of the opinion that the trial court had evidence to support its implied findings holding defendant responsible for the acts of its agent in the misrepresentation. See Equitable Life Assur. Soc. v. Maverick, 78 S.W. 560 (Tex.Civ.App. n. w. h.) and Mutual Reserve Life Ins. Co. v. Seidel, 52 Tex.Civ.App. 278, 113 S.W. 945 (n. w. h.).

Defendant by points 4 and 4a contends that Art. 3.70–2(8), Texas Insurance Code, precludes plaintiff from bringing suit after ten days after date of delivery of the policy. Art. 3.70–2(8) provides generally that the person to whom the policy is issued may for any reason return the policy within ten days of its delivery and the policy will be void. We find no merit in this contention of defendant for to so hold would require a construction of Art. 3.70–2(8) as a statute of limitations. The article makes no reference to the bringing of an action in reference to the policy and an action to cancel a policy for misrepresentation or fraud is governed by Art. 5526, R. C.S., the two-year statute of limitations.

Defendant by point 5 contends error for plaintiff's failure to plead or prove tender of the policy back to defendant. Defendant by its failure to file its motion or exception in the trial court in reference to such failure has waived same. Art. 90, T.R.C.P. At any rate, we find no prejudice to defendant in plaintiff's failure to tender the policy. Equitable Life Assur. Soc. v. Maverick, supra.

The judgment of the trial court is affirmed.