**COMMERCIAL CREDIT CORPORATION,**
Appellant,

v.

**W. A. AMES and Dale McLaughlin,**
Appellees.

**No. 8203.**

Court of Civil Appeals of Texas,
Amarillo.

March 6, 1972.

Folley, Snodgrass & Calhoun, O. M. Calhoun, Amarillo, for appellant.

Lovell, Lyle, Cobb & Renfer, R. A. Renfer, Jr., Dumas, for appellees.

JOY, Justice.

This suit was brought on two retail installment contracts, each secured by the same automobile. From judgment for plaintiff-appellant on the second contract only, this appeal has been perfected by the plaintiff. Affirmed.

Defendant Ames purchased on August 30, 1968 a new 1968 Dodge automobile from Dale McLaughlin, dba Dale's Motor Company (hereinafter referred to as McLaughlin) and, as part of the purchase price, executed a retail installment contract to McLaughlin secured by the Dodge automobile. The contract was assigned by the printed terms contained therein to appellant (hereinafter called Commercial) with Ames making the monthly required payments thereafter until October 7, 1969, when Ames purchased a used pickup from McLaughlin. On that date, in order to secure the cash necessary to pay for the pickup, Ames executed a second retail installment contract on the 1968 Dodge automobile for an amount in excess of the then remaining unpaid balance of the first contract with the agreement with McLaughlin that the first contract was to be paid off by the second contract. McLaughlin then assigned the second contract in accordance with the printed terms to Commercial, and Ames continued for a time to make the same monthly payments to Commercial. Ames contended that the payment on the second contract was agreed to by McLaughlin to be the same amount monthly as the payments on the first contract. Later, upon receiving a demand from Commercial to pay the first note, Ames refused to make payments on the second note and suit was filed by Commercial upon both notes or contracts.

■ Commercial contends by its first point of error that it was a holder in due course and therefore was not subject to any defenses raised by Ames or any agreement made by Ames with McLaughlin. This case having been tried to the court sans jury all issues are presumed to be found by the court in support of the judgment. No findings of fact or conclusions of law were requested or filed, therefore, we look only to the favorable evidence supporting the issues of the case and affirm the trial court judgment if the statement of facts supports the judgment on any theory. Renfro Drug Company v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950); International Security Life Insurance Company v. Langston, 457 S.W.2d 110 (Tex. Civ.App.—Amarillo 1970, no writ). In viewing the evidence, we find that McLaughlin testified that Commercial agreed at the time of making the second contract that the first contract would be paid off by the second contract. McLaughlin further testified that the contracts were not completed in all of the blanks provided at the time he sent them to Commercial, along with the bank drafts to be paid by Commercial. Also, Ames testified that upon receiving the installment payment book relating to the second contract, that Commercial had advised him by a cover letter to destroy the payment book relating to the first contract. We find evidence to support the implied finding of the trial court that the first contract, at the time of execution and delivery to Commercial, was incomplete in parts material to the contract, and that Commercial had agreed that the second contract was to pay the first contract in full. Therefore, the defenses of Ames to a suit on the first contract by McLaughlin are also defenses as to the suit by Commercial.

What we have said above is dispositive of the case, therefore it is unnecessary that we comment upon Commercial's next two points of error.

The judgment of the trial court is affirmed.