William R. WOODRUFF, Appellant,

v.

Lavonne M. WOODRUFF, Appellee.

No. 8127.

Court of Civil Appeals of Texas, Texarkana.

Dec. 5, 1972.

Rehearing Denied Dec. 5, 1972.

Merritt H. Gibson, Longview, for appellant.

John Smith, Smead, Roberts, Harbour, Smith, Harris & French, Longview, for appellee.

RAY, Justice.

The opinion delivered by this court on November 7, 1972, is withdrawn and the following is substituted therefor.

William R. Woodruff, appellant (petitioner) filed his motion requesting a reduction of his monthly child support payments. The trial court modified its original judgment by reducing the child support payments from $250.00 to $240.00 per month and ordered appellant to bring his past child support payments current within ten days. The petitioner failed to pay the child support arrearage and was thereafter found in contempt and ordered committed. Appellant filed his original application for writ of habeas corpus in this court in a separate action and this court denied him the relief sought by its order entered July 25, 1972.

From the action of the trial court denying appellant a reduction in child support payments by more than $10.00 per month, appellant has perfected his appeal.

Seven points of error have been presented in which appellant complains that the trial court abused its discretion. We find all seven points to be without merit.

The question presented to the trial court was whether or not conditions had so changed from the time that the original child support order was entered as would now justify a reduction of the original amount. The question presented to this court is whether the trial court abused its discretion in not reducing the payment by more than $10.00 per month.

Appellant did not allege any facts in his motion that would show a change in conditions or circumstances justifying a reduction in the child support. There was no suggestion in the motion as to why the payments should be reduced, nor were there any suggestions as to how much the payments should be reduced, other than the prayer which asked that the support allowance be reduced "to an amount fair and just to the child and to both parties." The testimony and evidence established that appellant's gross income had increased from $13,720.00 per year to $14,376.00 per year after the entry of the original child support order. The burden was upon appellant to establish that some one or more conditions had changed since the entry of the original child support amount that would in all fairness and justice require a reduction in excess of that entered by the trial court. Angel v. Todd, 368 S.W.2d 224 (Tex.Civ. App. Houston 1963, no writ); 22 Baylor Law Rev. 497, 501 (1970). Appellant sought to show that his "take home pay" was now less than it was when the original

order was entered. However, many of the deductions were voluntary and did not have to be made and could not be deemed necessary. The voluntary deductions will not be considered in arriving at appellant's ability to pay his child support.

Appellant urged that he now had a minor son in college and that this was a changed condition that would justify a reduction in the child support for his minor daughter. While it is true that, under Art. 4.02 of the Texas Family Code, V.T.C.A., each spouse has the duty to support his or her minor children, it further provides that such support is for necessities. The necessities of life ordinarily include food, clothing, shelter and medical attention. A college or university education is not a general necessity, but is a special advantage. Voluntary payments of the expenses of a college education for the son is not such a change of conditions as would justify a reduction of the support for appellant's minor daughter.

After the hearing before the trial court, appellant did not request findings of fact and conclusions of law pursuant to Rule 296, Tex.R.Civ.P. Where no findings of fact or conclusions of law are requested of the trial court, the Court of Civil Appeals is required to affirm the judgment of the trial court if the statement of facts supports the judgment of the trial court on any theory of the case. International Security Life Insurance Co. v. Langston, 457 S.W.2d 110 (Tex.Civ.App. Amarillo 1970, no writ).

Appellant's first point of error is overruled for the reason that appellant failed to allege and prove facts sufficient to show a change in conditions requiring the reduction of the child support payment. The evidence was factually and legally insufficient to support a change in the original amount of required child support. We conclude that the trial court did not abuse

its discretion in failing to reduce the support payment by more than $10.00 per month, since appellant was not entitled to any reduction under his proof and the applicable law. We reconfirm the rule that the trial court is entitled to wide latitude in making its determination of whether or not conditions have changed sufficiently to justify the reduction or increase in child support payments.

Appellant cites Myrick v. Myrick, 478 S.W.2d 859 (Tex.Civ.App. Houston 1st 1972, writ dism'd) as authority for the trial court to have reduced the child support payments even though there were no changes in conditions or circumstances. We do not disagree that such power is conferred by Vernon's Tex.Rev.Civ.Stat.Anno. art. 4639a, but there must be some testimony or evidence presented which would justify the change in support payments. An unlikely example might be that the trial court had originally ordered the spouse to pay child support in excess of his income. Even Myrick recognizes that "It would be a rare case where a court would change its previous order without a showing of a change of conditions, or of some unusual circumstance justifying a change in the order . . . ." However, in the present case, appellant made no showing of such unusual circumstances as would justify a change, nor did he show that his minor daughter's needs were any less than they were originally. Neither did he show that the original amount was excessive by the customary standards of making such proof. Nor did he prove that his daughter could reasonably live on less.

Appellant's points of error No. 2 through No. 6 are overruled because they were not raised by the pleadings or the evidence in the child support hearing held on March 16, 1972. The only relief sought by appellant in his "Motion for Change in Judgment as to Child Support," was a reduction in the support allowance "to an amount fair and just to the child and to

both parties." In this child support hearing, appellant has tried to relitigate questions which should have been settled by appealing from the original judgment granting the divorce. Having failed to perfect his appeal from the original divorce decree, he is now limited to showing a change in conditions or circumstances justifying a change in the support order, or some unusual circumstance that would justify the court changing the amount of support. Having failed in this regard, appellant is not entitled to the relief he sought.

Appellant's Seventh point of error is as follows:

"The Court abused its discretion in failing to consider the legal responsibility of appellee to contribute to the support of their minor daughter in fixing the amount that appellant was required to pay."

There is no evidence to support point of error No. Seven. In the absence of requested findings of fact and conclusions of law, it must be presumed that the court entered the child support order that it felt was in the best interest of the child, after ascertaining the ability of each parent to contribute to the support of the child. The appellant did not allege and prove that he was paying the entire amount of child support for his daughter. Appellee testified that the minimum amount required to support the minor child was in excess of that ordered to be paid by the trial court, thus requiring appellee to contribute the difference. The question of whether one spouse can be required to pay one hundred per cent of the child support without any aid from the opposite spouse is not before us for determination. Appellant's Seventh point of error is overruled.

We find no error committed by the trial court and we hold that the court did not abuse its discretion in failing to reduce the child support payments by more than $10.00 per month. Accordingly, the judgment of the trial court is affirmed.