**Terry Lee ADAMS, Appellant,**

v.

**Steven Andrew STOTTS, Appellee.**

**No. 05–82–00686–CV.**

Court of Appeals of Texas, Dallas.

Sept. 1, 1983.

Emily G. Tobolowsky, Tobolowsky & Schlinger, Dallas, for appellant.

Gary Allmon Grimes, Schuerenberg & Grimes, Dallas, for appellee.

Before AKIN, SPARLING and GUILLOT, JJ.

SPARLING, Justice.

■ This is an appeal from a judgment in an involuntary paternity suit. Appellant, the mother of the child, sued appellee, the putative father, under the provisions of TEX.FAM.CODE ANN. §§ 13.01–13.42 (Vernon 1975 and Supp.1982–1983). A jury found appellee to be the father—of which there is no issue on appeal—and, by agreement, the parties submitted to the court the issues of child support, attorney's fees and costs. It is from these issues that this appeal emanates. In seven points of error, appellant claims that, generally, the court abused its discretion in three ways: by refusing to consider expenses retroactively to the date of birth in awarding child support; by awarding an insufficient amount of child support; and by failing to award appellant the costs of suit and her attorney's fees. We hold that the court erred by refusing to consider the expenses from the date of birth in determining the amount of support. Accordingly, we reverse and remand.

The court awarded appellant $50.00 per month child support. In response to appellant's offer into evidence of certain expenses relating to the birth of the child the court stated "... there is no financial responsibility of the man alleged to be the father of the child until an order of paternity has been entered and issued ... any expenses incurred prior to the time a jury rendered a finding would not be assessable

to the Respondent (appellee)." The court by its statement was interpreting § 13.42(a), which states:

> In a suit in which a determination of paternity is sought, the court may provide for the managing and possessory conservatorship and support of and access to the child; *except that no alleged father denying paternity may be required to make any payment for the support of the child until paternity is established* (emphasis supplied).

In this case of first impression, we disagree with the trial court's interpretation of § 13.42(a).

All relevant parts of the Family Code, Title 2, must be considered in interpreting § 13.42(a). Section 13.09 states that "the effect of a decree designating the alleged father as the father of the child is to create the parent-child relationship between the father and the child as if the child were born to the father and mother during marriage." There is no provision in the code requiring that the parties marry, and often, as in this case, the parties were never married and may never marry. The presumption that the child was born during wedlock is sheer fiction, since there was no wedlock. The creation of this fiction legitimitizes the child *from birth*. Thus, we hold that the care and welfare of that child *from birth* is within the scope and purposes of §§ 13.01–13.42.

■ Further chapter 13 of the Family Code must be harmonized with chapter 14 of the Family Code. Indeed, § 13.42(b) & (c) both refer to chapter 14 of the code in awarding and in enforcing payment. Section 14.07(a) prescribes that "the best interest of the child shall always be the primary consideration in determining questions of ... support...." We conclude that the best interests of a child cannot be served by ignoring the fact that there were costs incurred by supporting the child from the date of his birth to the date of judgment of paternity. Accordingly, we hold that § 13.42(a) precludes the award of temporary child support as prescribed in § 11.11(a),[1]

but does not prevent the court from considering past expenses in awarding child support after paternity is established.

We are compelled to this conclusion by certain undeniable considerations. First, the time lapse between the date the paternity suit is filed and the date of final judgment—in this case over two years—represents support that is lost to the child if we construe § 13.42(a) otherwise. Second, logic dictates that if a party is a parent at the time of judgment, he was also a parent at the time of birth, and his parental responsibilities begin when he becomes a parent—at birth.

■ Appellant next contends that the court abused its discretion in awarding only $50.00 per month child support. Appellant does not complain that the amount is unreasonable relative to appellee's *present* circumstances—indeed, appellant only requested $75.00 per month child support. Instead, appellant contends that appellee intentionally reduced his ability to pay child support because he quit work and returned to school. We disagree that the appellee's actions should be conclusive evidence of his avoidance of child support. In the absence of findings of fact and conclusions of law we must presume that the court order was in the best interests of the child, after ascertaining the ability of each parent to contribute to the child's support, *Woodruff v. Woodruff*, 487 S.W.2d 791 (Tex.Civ.App.—Texarkana 1972, no writ). We overrule this ground of error.

■ In two points of error appellant contends that the court erred by refusing to admit evidence of the cost of a blood test that was used as evidence of appellee's paternity, and that it was error to refuse to tax all costs to appellee. More particularly, the costs were adjudged against the party that incurred them; yet, TEX.R. CIV.P. 131 states "the successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Appellee cites TEX.R.

---

1. Smith, *Parent and Child,* 8 TEX.TECH L.REV. 77 (1976).

CIV.P. 141 which states: "the court may, for good cause, to be stated on the record, adjudge otherwise than as provided by law or these rules." Appellee then argues that, during the hearing, the court stated in the record that neither party had any money. We disagree with the contention that this is "good cause ... on the record." The statement that "neither one of them have any money" was not made with reference to assessment of costs, yet the court *must* set forth the reasons for taxing costs otherwise than in accordance with rule 131, *Hodges v. Peden,* 634 S.W.2d 8, 12 (Tex. Civ.App.—Houston [14th Dist.] 1982, no writ). *Page v. Key,* 175 S.W.2d 443, 445 (Tex.Civ.App.—Eastland 1943, writ ref'd w.o.m.). Further, the inability to pay costs is not a "good cause" as contemplated by rule 141. If financial inability to pay was "good cause" then, contrary to rule 131, the winner—not the loser—of a lawsuit would often be in a better position to pay the costs. We hold, therefore, that because the appellant was the successful party to the suit, costs should have been taxed against appellee. We also hold that the costs incurred in the blood test were "costs" within the meaning of rule 131. Normally, expert fees necessary to establish an evidentiary matter are not "costs," *see Whitley v. King,* 581 S.W.2d 541 (Tex. Civ.App.—Fort Worth 1979, no writ), but in the present case, the taking of a blood test by the parties is mandated by § 13.02 and properly taxed as court costs.

■ Appellant's final contention is that the court abused its discretion by refusing to award attorney's fees to appellant. Section 13.42(b) states: "In addition to the payment authorized by Section 14.05 of this code, the court *may* award reasonable attorney's fees incurred in this suit" (emphasis supplied). We hold this language is permissive rather than mandatory, thus leaving the issue to the trial court's discretion—of which we find no abuse. This point of error is overruled.

Reversed and remanded.