

# THE ATTORNEY GENERAL
## OF TEXAS

September 15, 1988

JIM MATTOX
ATTORNEY GENERAL

W. O. Shultz II
General Attorney and
Associate General Counsel
The University of Texas System
201 West 7th Street
Austin, Texas  78701

Opinion No. JM-953

Re:  Circumstances under
which a county or public
hospital or hospital dis-
trict is responsible for
payment for medical services
rendered to patients at M.D.
Anderson Hospital (RQ-1392)

Dear Mr. Shultz:

You ask whether a county, a public hospital, or a
hospital district is responsible for payment for services
rendered at the University of Texas M.D. Anderson Hospital
and Tumor Institute at Houston (hereinafter "M.D.
Anderson").

M.D. Anderson is governed by chapter 73 of the
Education Code. It is devoted to the "diagnosis, teaching,
study, prevention, and treatment of neoplastic and allied
diseases." Educ. Code § 73.102. Each application for
admission to M.D. Anderson must be accompanied by a written
physician's statement that the patient has, or is suspected
of having, a neoplasm or allied disease. Educ. Code
§ 73.108. Article 3196a, V.T.C.S., which governs hospitals
under the management and control of the Texas Department of
Mental Health and Mental Retardation, is also applicable to
M.D. Anderson, except to the extent of any conflict with
section 73.101 of the Education Code. Educ. Code § 73.106.
Article 3196a provides, in part:

> Section 1.  Patients admitted to State
> hospitals under the management and control of
> the Texas Department of Mental Health and
> Mental Retardation shall be of two classes,
> to wit:
>
> Indigent patients;

Non-indigent patients;

Indigent patients are those who possess no property of any kind nor have anyone legally responsible for their support, and who are unable to reimburse the State. This class shall be supported at the expense of the State.

Non-indigent patients are those who possess some property out of which the State may be reimbursed, or who have someone legally liable for their support. This class shall be kept and maintained at the expense of the State, as in the first instance, but in such cases the State shall have the right to be reimbursed for the support, maintenance, and treatment of such patients.

Sec. 2. Where the patient has no sufficient estate of his own, he shall be maintained at the expense:

Of the husband or wife of such person, if able to do so;

Of the father or mother of such person, if able to do so, provided such person is less than 18 years old.

Child support payments for the benefit of a patient paid or owing by a parent pursuant to a divorce decree or other court order shall be considered to be the property and estate of the patient, and charges may be made against such child support obligations. The parent who is obligated to pay child support on behalf of the patient shall be given a credit against charges for which he or she would otherwise be liable based on ability to pay for the amount of child support the parent actually pays for the benefit of the patient. The parent who receives the child support payments is liable for the charges based on the child support obligation to the extent such payments are actually received in addition to the liability of such parent based on ability to pay. The department may, upon the failure of a parent to pay child support in accordance

> with the child support obligation or upon the failure of a parent to pay charges based on the child support obligation, file a motion to modify the court order to require the child support to be paid directly to the State hospital or facility in which the patient resides for the patient's support, maintenance, and treatment. The court may, in addition, order all past due child support to be paid to the State hospital or facility to the extent that charges have been made against the child support obligation. (Emphasis added.)

In summary, non-indigent patients include persons who have "someone legally liable for their support." The state is entitled to seek reimbursement for care rendered to non-indigents. You first ask whether the Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., makes counties and public hospitals "legally liable for [the] support" of certain individual so that those individuals can be considered "non-indigents" for purposes of article 3196a.[1]

The Indigent Health Care and Treatment Act was enacted in 1985 to clarify the obligations of counties and public hospitals for indigent health care. Section 2.02 of the Indigent Health Care and Treatment Act provides:

> (a) Each county shall provide health care assistance as prescribed by this title to each eligible resident of that county who does not reside within the area that a public hospital or hospital district has a legal obligation to serve;

> (b) The county is the payor of last resort and shall provide assistance only if other

---

1. The Indigent Health Care and Treatment Act does not affect the obligations of hospital districts. See V.T.C.S. 4438f, §§ 11.02, 12.01(b). (Hospital districts' obligations in regard to indigent health care are governed by constitutional and statutory provisions governing hospital districts.) Therefore, we will consider your question about hospital districts separately.

> adequate public or private sources of payment
> are not available.

See also § 2.03 (providing that eligibility depends on income and resources). Section 10.02(a) provides, in part:

> Each public hospital shall provide health
> care assistance as prescribed by this title
> to each eligible resident of the area that
> the hospital has a legal obligation to serve.

See also § 10.02(b) (providing that eligibility depends on income and resources). Section 12.01(e) provides:

> A public hospital is the payor of last
> resort under this title and is not liable for
> payment or assistance to an eligible resident
> of the area that the public hospital has a
> legal obligation to serve if any other public
> or private source of payment is available.

We conclude that those provisions do not make counties and public hospitals "legally liable for [the] support" of any individual.

In Attorney General Opinion JM-705 (1987), we addressed an issue related to your question. The issue there was whether an indigent's county of residence or the University of Texas Health Center at Tyler (hereinafter the "Tyler hospital") was liable for the indigent's treatment for a heart disease at the Tyler hospital. The statutes governing the Tyler hospital contain a provision that tracks section 1 of article 3196a:

> Patients admitted to State chest hospitals
> shall be two (2) classes:
>
> (1) Indigent public patients and
>
> (2) Non-indigent public patients.
>
> (a) Indigent public patients are those who
> possess no property of any kind nor have
> anyone legally responsible for their support,
> and who are unable to reimburse the State.
> This class shall be supported at the expense
> of the State.

V.T.C.S. art. 4477-11, § 9 (Texas Tuberculosis Code). The opinion concluded that the county was responsible for the

indigent's treatment.  The basis  of the decision,  however, was that the provisions of article 4477-11 apply only to the care and treatment of persons with tuberculosis.  Therefore, a person with a heart disease is not among the persons to be supported at the expense of the state pursuant to section 9 of article 4477-11.  Despite the conclusion that the  county was responsible for  the health  care of  the individual  in question, however,  the  opinion indicated  that  the  state would be responsible  if the indigent  had been treated  for tuberculosis.  Implicit in that is that the Indigent  Health Care and  Treatment Act  does not  make the  county  someone "legally responsible  for  [the] support"  of  its  indigent residents for purposes of article 4477-11, section 9.

We think  that  implication  is  correct  and  that  it applies to article  3196a as well  as article 4477-11.   The Indigent Health Care and Treatment Act requires counties and public hospitals to provide  "health care assistance"  under specified  circumstances.   Ordinarily,  "support"  includes much  more  than  "health  care  assistance."   Parents  are responsible for the "support" of their children, and spouses are responsible for the "support" of each other.  Fam.  Code § 4.02.  "Support" in that context includes food,  clothing, shelter,  as  well  as  medical  attention.  Woodruff   v. Woodruff, 487 S.W.2d  791, 793 (Tex.  Civ. App.  -  Texarkana 1972, no  writ).   Because  article  3196a  specifically identifies spouses  and parents  of minors  as persons  from whom reimbursement may be sought, we think it as clear  that the word "support" in article 3196a means someone such as  a parent or  spouse  who  has an  obligation  to  provide  the necessities of life.  The Indigent Health Care and Treatment Act creates a much narrower obligation, not an obligation to "support."  Therefore, persons for whom counties and  public hospitals must provide health care under the Indigent Health Care and Treatment Act are not "non-indigents" for  purposes of article 3196a.[2]

_____

2.  You do not ask about article 2351(6), V.T.C.S,  which provides that each commissioners court shall:

> Provide for the support  of paupers and  such
> idiots and  lunatics  as cannot  be  admitted
> into the lunatic  asylum, residents of  their
> county, who are unable to support themselves.
> A county is obligated to provide health  care
> assistance to eligible residents only to  the
> (Footnote Continued)

Sections 2.02(b) and 12.01(e) of the Indigent Health Care and Treatment Act bolster our conclusion. Those provisions state that counties and public hospitals are payors of the last resort and are not responsible if other adequate public or private sources of payment are available. Those provisions make clear that the Indigent Health Care and Treatment Act was not intended to relieve other public entities of any obligations to provide health care.

You also ask whether a hospital district is "legally liable for the support" of its needy inhabitants. Article IX, section 9, of the Texas Constitution provides in part:

> The Legislature may by law provide for the creation, establishment, maintenance and operation of hospital districts . . . , providing that any district so created shall assume full responsibility for providing medical and hospital care for its needy inhabitants . . . .

Again, a responsibility to provide medical and hospital care is not the equivalent of an obligation to "support" someone. Therefore, article IX, section 9, of the Texas Constitution does not make needy inhabitants of hospital districts "non-indigents" for purposes of article 3196a.[3]

---

(Footnote Continued)

extent prescribed by the Indigent Health Care and Treatment Act.

See generally Attorney General Opinion JM-815 (1987). In any case, we think that the specific provisions of article 3196a and chapter 73 of the Education Code would control over the general provision of article 2351(6). See State v. Jones, 570 S.W.2d 122, (Tex. Civ. App. - Austin 1978, no writ). Article 2351(6) also indicates that medical care is only one aspect of "support."

3. Although you do not raise the issue, it has been suggested that article IX, section 9, prohibits the state from spending money for medical care for needy inhabitants of a hospital district. We point out, though, that article IX, section 9, prohibits other municipalities and political subdivisions, not the state, from taxing to provide medical care.

All hospital districts are subject to the provisions of the statutes under which they are created. Although we have not reviewed all the statutes that create or allow the creation of hospital districts, we are aware of none that make hospital districts liable for the "support" of its needy inhabitants.

## S U M M A R Y

The Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., makes counties and public hospitals responsible for health care for certain indigents; it does not make counties or public hospitals liable for the "support" of indigents. Therefore, article 4438f does not make indigents for whom counties or public hospitals are obligated to provide health care "non-indigents" for purposes of article 3196a, V.T.C.S.

Article IX, section 9, of the Texas Constitution makes hospital districts responsible for medical care for their needy inhabitants; it does not make hospital districts responsible for the "support" of their needy inhabitants. Therefore, article IX, section 9, does not make needy inhabitants of hospital districts "non-indigents" for purposes of article 3196a, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General