Josey v. AG 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-252-CV





ANDRE A. JOSEY,



 APPELLANT


vs.





THE ATTORNEY GENERAL OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 484,243, HONORABLE W. JEANNE MEURER, JUDGE



 





PER CURIAM



 This appeal arises from a suit filed by appellee, the
Attorney General of Texas, to establish the parent-child
relationship between appellant, André A. Josey, and the child,
André Anthony Josey, II. The suit was brought on behalf of the
child's mother, Rhonda Denise Grant. After appellant failed to
file an answer to the petition, the trial court rendered a default
judgment for appellee. 

 In point of error one, appellant contests the sufficiency
of the evidence to establish his paternity. By defaulting, the
non-answering party admits the facts properly pleaded and the
justice of his opponent's claims. Stoner v. Thompson, 578 S.W.2d
679 (Tex. 1979). Therefore, appellant has admitted, as a matter of
law, the paternity allegation in the pleadings.

 Further, appellee introduced a sworn statement of
paternity in which appellant acknowledged that he is the father of
the child. The language of this statement complied with that
required by the statute in effect when appellant executed it. 1975
Tex. Gen. Laws, ch. 476, § 24 [Tex. Fam. Code § 13.22, since
amended]. The child's mother also testified that appellant is the
biological father of the child and that the sworn statement in
which appellant acknowledged his paternity was accurate. We
overrule point one.

 In point of error two, appellant argues that the trial
court unconstitutionally assessed the cost of public assistance
against him retroactive to a time before he was legally obligated
for it. U.S. Const. amend. XIV. The trial court found, in its
judgment, that the State of Texas had provided $3,588 in public
assistance to support the child and that the State was entitled to
a judgment for the funds expended. Tex. Fam. Code Ann. § 14.062
(Supp. 1991). Appellant contends that he has no retroactive
obligation to support the child for any time before his paternity
was established and that the obligation can be imposed only from
the filing of the paternity petition, his signing of the paternity
affidavit, or the court's decree of paternity. 

 Appellant's argument assumes that he was not a parent
until one of the three named events occurred. However, the effect
of a decree of paternity is to create the parent-child relationship
between the father and the child from the child's birth. Tex. Fam.
Code Ann. § 13.09 (1986); Adams v. Stotts, 667 S.W.2d 798 (Tex.
App. 1983, no writ). Logic dictates that if a party is a parent
when paternity is established, he was also a parent when the child
was born, and his parental responsibilities begin when he becomes
a parent at his child's birth. Adams, 667 S.W.2d at 800. Given
that appellant was responsible as a parent from this child's birth,
the trial court did not unconstitutionally assess costs for public
assistance incurred before his paternity was established. We
overrule point two.

 In point of error three, appellant contests the
sufficiency of the evidence to establish the amount of current
child support awarded, arguing that the court failed to consider
the child born to him from his marriage to a third party. The
child's mother testified at trial that the monthly net income of
appellant, on active duty in the United States Army, was $1,500. 
The trial court took judicial notice that an enlisted man with six
years' service receives a monthly net income, including salary,
housing allowance, and subsistence pay, of $1,506 and ordered
appellant to pay monthly child support of $300, 20% of $1,500. 
This amount complies with the guidelines for the support of one
child. Tex. Fam. Code Ann. § 14.055 (Supp. 1991). The credibility
of the witnesses is a matter for the trial court's judgment. Lute
Riley Motors v. T.C. Crist, Inc., 767 S.W.2d 439 (Tex. App. 1988,
writ denied). Appellant, by defaulting, failed to present evidence
at trial that he was supporting a second child. Whether he may be
entitled to seek modification of his support obligation is not
before the court. We find the evidence sufficient to support the
trial court's order and overrule point three.

 In point of error four, appellant challenges the
sufficiency of the evidence to support the trial court's order that
he maintain dental insurance for the child. At trial, the child's
mother testified that appellant could obtain free dental coverage
for his children through the military. Appellant argues that this
evidence is insufficient because dental coverage exceeds the
statutory child support guidelines. His argument assumes that the
court does not have discretion to exceed the guildelines, under the
facts of a particular case.

 In a suit affecting the parent-child relationship, the
court must order health insurance to be provided for the child. 
Tex. Fam. Code Ann. § 14.061 (Supp. 1991). The trial court in this
case could have determined that dental insurance was an aspect of
health insurance. It could further have found that appellant could
provide dental insurance without his obligations exceeding the
child support guidelines. See § 14.06(c), supra. Clearly, the
trial court could conclude that access to free dental coverage
would be in a child's best interest. We find the evidence
sufficient and overrule point four.

 In point of error five, appellant claims the trial court
erred by denying his motion for new trial. Appellant did not bring
forward a statement of facts from the hearing on his motion;
however, the trial court filed its findings of fact and conclusions
of law. The court found that appellant had received service on
June 1, 1990, but failed to file an answer. It concluded that
appellant was properly served and that appellant failed to show a
meritorious defense. Without a record of the hearing, we cannot
determine whether there is any evidence to support the trial
court's findings and conclusions. Englander v. Kennedy, 428 S.W.2d
806 (Tex. 1968). We presume that the evidence was sufficient to
support the trial court's denial of the motion for new trial. 
Point five is overruled.

 We affirm the judgment of the trial court.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: August 14, 1991

[Do Not Publish]