In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01190-CV

____________


DEAN'S CAMPIN' COMPANY, Appellant


V.


PETER HARDSTEEN, TEXAS FARM BUREAU, and REXHALL INDUSTRIES,
INC., Appellees






On Appeal from the 278th District Court 

Grimes County, Texas

Trial Court Cause No. 27885 





O P I N I O N


 Dean's Campin' (Dean's), appellant, appeals a summary judgment denying
Dean's claim to statutory indemnity, under Chapter 82 of the Civil Practice and
Remedies Code, (1) from Dean's codefendant in the court below, appellee Rexhall
Industries, Inc. (Rexhall). Dean's also challenges orders striking its cross-claims for
indemnity against Rexhall and appellees, Peter Hardsteen, who was the plaintiff in
the court below, and Texas Farm Bureau, which intervened in the court below to
assert a subrogation interest. Dean's five issues ask us to address the following: 
whether the trial court properly resolved Dean's and Rexhall's cross-motions for
summary judgment on Dean's chapter 82 indemnity claim by rendering judgment in
favor of Rexhall instead of Dean's; whether the trial court erred by striking Dean's
additional claims for indemnity against Rexhall, Hardsteen, and Texas Farm Bureau;
and whether the trial court properly assessed costs against the party incurring same. 
We reverse and remand.

Background 


 Hardsteen filed this lawsuit in 1997, after a fire that originated in and destroyed
his 1994 Aerbus Widebody Excel 3600 motor home spread to and also destroyed his
home and pickup truck. Hardsteen alleged several products-liability and breach-of-warranty theories against Rexhall, which manufactured the motor home, and Dean's,
which sold it, and also sued several manufacturers of component parts. In addition,
Hardsteen claimed that Rexhall and Dean's violated the Deceptive Trade Practices-Consumer Protection Act (DTPA) and that Dean's was negligent and grossly
negligent for the allegedly faulty repair of the motor home's electrical system. Texas
Farm Bureau intervened in the lawsuit to assert a subrogation interest for $228,652.93
paid to Hardsteen under three liability policies. 

 In 1998, Dean's filed a cross-claim against Rexhall, seeking statutory
indemnity under both common-law principles and Civil Practice and Remedies Code
section 82.002, on the grounds that Dean's was an innocent seller of a defective
product and therefore entitled to recover its attorney's fees and costs incurred in
defending Hardsteen's lawsuit. In October 1999, Dean's filed a motion for summary
judgment, as defendant, on the merits of Hardsteen's liability claims. The trial court
granted this motion, but later set it aside on Hardsteen's motion.

 On August 17, 2000, Rexhall filed a motion for summary judgment, on both
traditional and no-evidence grounds, claiming it was entitled to prevail as a matter of
law against Dean's claims for statutory indemnity under Civil Practice and Remedies
Code section 82.002. The motion was accompanied by a request to set the motion for
hearing, to which was attached a copy of a November 1999 settlement agreement
among Hardsteen, Texas Farm Bureau, and Rexhall. 

 On August 18, 2000, Dean's supplemented its existing cross-claim for
indemnity against Rexhall to assert claims for indemnity under Business and
Commerce Code section 2.607, (2) and, on August 21, 2000, Dean's asserted
supplemental claims for indemnity against Hardsteen and Texas Farm Bureau, based
on the recently disclosed settlement agreement among Hardsteen, Texas Farm
Bureau, and Rexhall. Also on August 21, 2000, Dean's filed a traditional motion for
summary judgment on its claims for indemnity under Civil Practice and Remedies
Code section 82.002 and its recently asserted claim under Business and Commerce
Code section 2.607. On September 1, 2000, Hardsteen, Texas Farm Bureau, and
Rexhall filed identical motions to strike the supplemental cross-claims.

 The trial court conducted an oral hearing on Rexhall's and Dean's motions for
summary judgment on September 11, 2000 and signed an order granting Rexhall's
motion that day. In addition, the trial court signed orders granting Hardsteen's, Texas
Farm Bureau's, and Rexhall's motions to strike Dean's additional indemnity cross-claims.

 A seven-day jury trial followed on the merits of Hardsteen's DTPA and
negligence claims against Dean's and resulted in a verdict in Dean's favor. The final
judgment, signed on December 19, 2000, reflects this verdict and recites the trial
court's finding good cause "for imposing taxable costs against the party incurring
same due to [Hardsteen's] relative inability to pay such costs." The September 11,
2000 orders, which Dean's challenges in this appeal, became merged with the
December 19, 2000 final judgment. See City of Beaumont v. Guillory, 751 S.W.2d
491, 492 (Tex. 1988).

Statutory Indemnity under Civil Practice and Remedies Code Section 82.002


 Dean's first and second issues challenge the trial court's resolving Rexhall's
and Dean's cross-motions for summary judgment by ruling that Rexhall, and not
Dean's, was entitled to judgment as a matter of law. Rexhall sought a traditional
summary judgment under rule 166a(a)-(b) and a no-evidence summary judgment
under rule 166a(i). Dean's motion for summary judgment relied only on rule 166a(a)-(b). Tex. R. Civ. P. 166a(a)-(b), (i). 

A. Standard of Review

 We follow the usual standard of review for traditional summary judgments
granted under rule 166a(a) and (b) of the Rules of Civil Procedure. Tex. R. Civ. P.
166a(a)-(b); see Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.
1995). Rule 166a also authorizes Texas trial courts to grant a motion for summary
judgment if, after adequate time for discovery has passed, there is no evidence of one
or more essential elements of a claim or defense on which the adverse party would
have the burden of proof at trial. Tex. R. Civ. P. 166a(i); see also Fisher v. Lee &
Chang P'ship, 16 S.W.3d 199, 203 (Tex. App.--Houston [1st Dist.] 2000, pet.
denied) ("Under the no-evidence summary judgment standard, the party with the
burden of proof at trial will have the same burden of proof in a summary judgment
proceeding.") (internal quotations omitted); Flameout Design & Fabrication, Inc. v.
Pennzoil Corp., 994 S.W.2d 830, 834 (Tex. App.--Houston [1st Dist.] 1999, no pet.)
("[A] no-evidence summary judgment is similar to a directed verdict."). 

 In reviewing a no-evidence summary judgment, we continue to apply the well-settled standards that require us to assume all evidence favorable to the non-movant
is true and to indulge every reasonable inference and resolve all doubts in favor of the
non-movant. Tex. R. Civ. P. 166a(i) and cmt. to 1997 change; Morgan v. Anthony,
27 S.W.3d 928, 929 (Tex. 2000); Flameout Design & Fabrication, Inc., 994 S.W.2d
at 834. When both parties move for summary judgment, the appealing party may
challenge the denial of its own motion as well as the judgment in favor of the
prevailing party. CU Lloyd's v. Feldman, 977 S.W.2d 568, 569 (Tex. 1998).

B. Manufacturer's Duty to Indemnify under Section 82.002

 Texas codified its 1993 Products Liability Act in chapter 82 of the Civil
Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §§ 82.001-.006
(Vernon 1997). Section 82.002(a) of the act requires the manufacturer of an allegedly
defective product to indemnify the seller of the product for any loss arising out of a
products-liability action except when the seller independently causes the loss. 
Meritor Auto., Inc. v. Ruan Leasing Co., 44 S.W.3d 86, 87 (Tex. 2001) (interpreting
section 82.002(a) of the act). (3) Section 82.002(b) defines "loss" to include "court
costs and other reasonable expenses, reasonable attorney's fees, and any reasonable
damages." (4) Tex. Civ. Prac. & Rem. Code Ann. § 82.002(b) (Vernon 1997); see
Meritor, 44 S.W.3d at 87. The seller's right to indemnity arises irrespective of the
manner in which the action is concluded. Tex. Civ. Prac. & Rem. Code Ann. §
82.002(e)(1) (Vernon 1997); see Meritor, 44 S.W.3d at 91 (citing same). Rexhall's
settlement with Hardsteen had no effect, therefore, on Dean's rights under section
82.002. 

 The act describes the manufacturer's duty to indemnify the seller as follows:

 A manufacturer shall indemnify and hold harmless a seller against loss
arising out of a products liability action, except for any loss caused by
the seller's negligence, intentional misconduct, or other act or omission,
such as negligently modifying or altering the product, for which the
seller is independently liable.


Tex. Civ. Prac. & Rem. Code Ann. § 82.002(a) (Vernon 1997). Section 82.002(a)
thus requires a manufacturer to indemnify and hold harmless an innocent seller,
joined in a products-liability action, for damages and litigation expenses that qualify
as losses under the act. See Meritor, 44 S.W.3d at 88 (citing Fitzgerald v. Advanced
Spine Fixation Sys., 996 S.W.2d 864, 867 (Tex. 1999)). An exception to this duty
arises when the seller causes the plaintiff's loss, in which case the seller has no right
of indemnity from the manufacturer. See id. 

 Meritor was a case of first impression. Id., 44 S.W.3d at 89. In reconciling the
definition of "products liability action" under section 82.001(2) of the act (5)
 with the
manufacturer's duty to indemnify under section 82.002(a), the supreme court ruled
as follows:

 (1) A "products liability action" includes not only products liability
claims, but other theories properly joined to those claims,
including negligence; 


 (2) Although the plaintiff's pleadings and joinder of the seller as a
defendant trigger the manufacturer's duty to indemnify, a finding
that the seller's independent conduct caused the plaintiff's injury
triggers the exception to the manufacturer's duty.


Id. at 91. Based on the legislative history of the act, the court ruled that
manufacturers must indemnify sellers except when the seller is at fault. See id. To
defeat a seller's claim for indemnity under section 82.002(a), therefore, a
manufacturer can no longer rely, as Rexhall did here, on mere allegations of
independent negligence or other liability. See id. at 90-91. In reaching this holding
and affirming the decision of the court of appeals, the supreme court disapproved of
the interpretation given section 82.002(a) of the Civil Practice and Remedies Code
in Hurst v. American Racing Equipment, Inc., 981 S.W.2d 458, 463 (Tex.
App.--Texarkana 1998, no pet.). See Meritor, 44 S.W.3d at 90. As Hurst construed
section 82.002(a), the statute authorized the seller to recover, from the manufacturer,
attorney's fees and costs the seller incurred in defending the plaintiff's products-liability claims, but precluded that recovery for expenses related to defending the
plaintiff's negligence claims. Hurst, 981 S.W.2d at 463. Meritor clarifies that this
distinction is material only when the seller is found independently negligent. See id.,
44 S.W.3d at 90.


C. Rexhall and the Trial Court Erroneously Relied on Hurst 

 In moving for summary judgment on Dean's section 82.002(a) claims, Rexhall
relied on the disapproved Hurst reasoning. Rexhall argued that only products-liability claims, and not negligence claims, trigger the manufacturer's duty to
indemnify under the statute. Because Hardsteen's recently amended pleadings
alleged faulty repairs to the motor home by Dean's, Rexhall argued these pleadings
alleged only negligence, gross negligence, and violations of the DTPA, all of which
fell into the section 82.002(a) exception to the manufacturer's duty to indemnify. The
reporter's record of the pretrial hearing reflects this reasoning convinced the trial
court to render summary judgment in Rexhall's favor. We hold the trial court erred
by rendering summary judgment in reliance on the Hurst reasoning, which Meritor
has since discredited.

 We further hold the trial court erred to the extent it premised its decision on the
no-evidence grounds of rule 166a(i). As the supreme court stated in Meritor,
"[W]hile the manufacturer's duty to indemnify the seller is invoked by the plaintiff's
pleadings and joinder of the seller as a defendant, the exception to that duty is
established by a finding that the seller's independent conduct was a cause of the
plaintiff's injury." Id. at 91. This holding imposes on the manufacturer the burden
to prove that the exception to the manufacturer's duty to indemnify the seller applies. 
See id. at 90 (referring to manufacturers' objections to requiring them to prove
seller's negligence to avoid indemnity under section 82.001(a)); see also Oasis Oil
Corp. v. Koch Ref. Co., 60 S.W.3d 248, 254 (Tex. App.--Corpus Christi 2001, rule
53.7(f) motion filed Dec. 17, 2001) (interpreting Meritor as imposing on
manufacturer burden of proof on exception to indemnity). 

 In moving for summary judgment here, Rexhall claimed the exception to the
manufacturer's duty to indemnify arose because Hardsteen's injuries resulted from
independent conduct by Dean's. Rexhall had the burden to prove that claim. See
Meritor, 44 S.W.3d at 90-91; Oasis Oil Corp., 60 S.W.3d at 254. But Rexhall could
seek summary judgment under the no-evidence grounds of rule 166a(i) only for a
claim or defense on which Dean's would have the burden of proof at trial. See Tex.
R. Civ. P. 166a(i); Oasis Oil Corp., 60 S.W.3d at 254. Rexhall could not seek a no-evidence summary judgment on a claim on which Rexhall had the burden of proof. 
See Tex. R. Civ. P. 166a(i); Oasis Oil Corp., 60 S.W.3d at 254. The trial court erred,
therefore, to the extent it rendered summary judgment in Rexhall's favor on the no-evidence grounds of rule 166a(i). 

 We sustain Dean's first issue.

D. No Rendition for Dean's

 In its second issue, Dean's contends the trial court erred by not granting Dean's
motion for summary judgment. Despite the trial court's error in rendering summary
judgment in favor of Rexhall, we conclude we may not render judgment in Dean's
favor for several reasons. 

 Reversal of an order granting summary judgment normally results in a remand
for trial. Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988). Denial of a motion for
summary judgment is ordinarily not appealable, but an exception arises when both
parties move for summary judgment and the trial court grants one motion and denies
the other. Id. In considering the parties' cross-motions, the appellate court may not
only reverse the order denying summary judgment, but may also render the judgment
the trial court should have rendered. Id.; see also CU Lloyd's, 977 S.W.2d at 569. 
This rule presumes, however, that both parties sought final-judgment relief in their
cross- motions. CU Lloyd's, 977 S.W.2d at 569. 

 Here, as in CU Lloyd's, the complaining party, in this case Dean's, offered no
evidence of the damages it sought to recover, attorney's fees and costs. See id. at
569. Moreover, Dean's could not have obtained final judgment relief through its
motion because its alleged negligence and DTPA liability had not yet been resolved. 
In moving for summary judgment, Rexhall offered evidence of allegedly faulty
repairs by Dean's. Dean's countered that evidence with opinion testimony by Rexhall
experts, who suggested Dean's did "nothing wrong." Rexhall's and Dean's summary
judgment evidence thus presented fact issues concerning Dean's fault, i.e., its
independent negligence and DTPA liability, that had to be resolved before Rexhall's
duty to indemnify could be determined. See Meritor, 44 S.W.3d at 91. This liability
issue has since been resolved in Dean's favor, through the jury verdict and judgment
exonerating Dean's. But the trial court could not have determined the issue of Dean's
liability based on the summary judgment record and, therefore, could not have ruled,
as a matter of law, that Dean's was an innocent seller and thus entitled to recover its
attorney's fees and costs from Rexhall under section 82.002(a) of the Civil Practice
and Remedies Code. 

 Because the issue of Dean's liability had not been resolved when the trial court
ruled on Dean's and Rexhall's motions for summary judgment, and because Dean's
did not offer summary judgment evidence of its attorney's fees and costs, we may not
now retroactively render judgment in Dean's favor. 

 We overrule Dean's second issue. 

Striking Supplemental Cross-Claims 


 Dean's third and fourth issues challenge the trial court's striking Dean's
supplemental cross-claims against Rexhall, Hardsteen, and Texas Farm Bureau. (6) Dean's supplemented its cross-claim against Rexhall on the day after Rexhall
filed its motion for summary judgment and accompanying request for setting, to
which was attached the November 1999 settlement agreement among Hardsteen,
Texas Farm Bureau, and Rexhall. The purpose of this cross-claim was to assert rights
Dean's claimed, as buyer/retailer of the motor home, under section 2.207 of the
Business and Commerce Code, against Rexhall, as manufacturer/seller. (7) Three days
later, when Dean's also filed its motion for summary judgment, Dean's filed an
additional supplemental cross-claim asserting rights of indemnity against Hardsteen,
Pauline Mayberg Hardsteen, (8) and Texas Farm Bureau based on the November 1999
settlement. Hardsteen, Texas Farm Bureau, and Rexhall moved to strike the
supplemental cross-claims on the grounds of surprise. (9) The trial court heard only
minimal argument on these motions during the pretrial hearing on September 11,
2000 and signed orders striking the cross-claims that day. 


 A "supplemental" or reply pleading is filed in response to the last pleading of
an adverse party. Tex. R. Civ. P. 69; J.M. Huber Corp. v. Santa Fe Energy Res., Inc.,
871 S.W.2d 842, 844 (Tex. App.--Houston [14th Dist.] 1994, no writ). Rule 63,
which governs amended and responsive pleadings, requires leave of court for
pleadings filed seven days before the date set for trial. Tex. R. Civ. P. 63. A
summary judgment proceeding is a trial for purposes of rule 63. Goswami v. Metro.
Sav. & Loan Ass'n, 751 S.W.2d 487, 490 (Tex. 1988). Dean's filed its cross-claims
well over two weeks before the summary judgment hearing and thus did not require
leave of the trial court. Tex. R. Civ. P. 63. Amended and supplemental pleadings are
nevertheless subject to challenge on grounds of surprise or prejudice. Id.; see Chapin
& Chapin, Inc. v. Texas Sand & Gravel Co., 844 S.W.2d 664, 665 (Tex. 1992);
Stevenson v. Koutzarov, 795 S.W.2d 313, 321 (Tex. App.--Houston [1st Dist.]1990,
writ denied). The party asserting surprise must substantiate that claim. Chapin, 844
S.W.2d at 665. We review the trial court's ruling for abuse of discretion. Id.;
Stevenson, 795 S.W.2d at 321.

 Although appellees' motions to strike raised the argument that Dean's
supplemental cross-claims amounted to a wholesale revision of the lawsuit under our
Stevenson decision, neither the motions to strike nor the reporter's record of the
hearing reflects that appellees offered any evidence to the trial court to support the
claim of surprise. Likewise, there is no argument based on surprise. Instead,
appellees argued that Dean's supplemental cross-claims had no merit as a matter of
law. This was an improper inquiry under rule 63, which provides no basis for
rejecting amended or supplemental pleadings on their merits. See Tex. R. Civ. P. 63. 
 In opposing the motions to strike, counsel for Dean's explained to the trial
court why Dean's filed the supplemental pleadings. Despite outstanding discovery
requests for any settlement agreements and the duty to supplement discovery, Dean's
was not aware that Hardsteen, Texas Farm Bureau, and Rexhall had settled until the
copy of their November 1999 settlement agreement was filed as an attachment to the
request for hearing on Rexhall's motion for summary judgment. Dean's argued that,
because it was not aware of the contents of that agreement until it was filed with the
trial court, Dean's had no grounds for asserting its additional cross-claims for
indemnity until that point in time. 

 Appellees did not establish the surprise or prejudice required by rule 63 and
instead argued against the merits of the additional cross-claims for indemnity asserted
in Dean's supplemental pleading. (10) By crediting appellees' arguments and striking
those claims, the trial court exceeded the permissible scope of rule 63. Accordingly,
and without expressing any opinion on the merits of those claims, we hold that the
trial court abused its discretion by striking them. See In re Am. Homestar, 50 S.W.3d
480, 483 (Tex. 2001) ("A trial court has no discretion to determine what the law is or
in applying the law to the facts, and, consequently, the trial court's failure to analyze
or apply the law correctly is an abuse of discretion."). 

 We sustain Dean's third and fourth issues.

Allocation of Costs


 In its fifth issue, Dean's contends the trial court abused its discretion by not
awarding costs to Dean's, which prevailed in the trial court, and instead assessing
costs against the party incurring same. Except when provided otherwise, the
successful party in a lawsuit is generally entitled to recover all costs incurred in the
suit from the losing party. Tex. R. Civ. P. 131; Furr's Supermarkets, Inc. v. Bethune,
53 S.W.3d 375, 376 (Tex. 2001). The purpose underlying rule 131 is to free the
prevailing party from any obligation to pay court costs and ensure that the losing
party pays them. Furr's Supermarkets, Inc., 53 S.W.3d at 378. When the record
demonstrates good cause, however, rule 141 vests the trial court with discretion, "'for
good cause, to be stated on the record, [to] adjudge the costs otherwise than as
provided by law or [the rules of civil procedure].'" Rogers v. Walmart Stores, Inc.,
686 S.W.2d 599, 601 (Tex. 1985) (quoting from Tex. R. Civ. P. 141); see Wiley v.
Sclafani, 943 S.W.2d 107, 111 (Tex. App.--Houston [1st Dist.] 1997, no pet.). Rule
141 thus has two requirements: (1) that good cause exists and (2) that it be stated on
the record. Furr's Supermarkets, Inc., 53 S.W.3d at 376. We review the trial court's
decision for abuse of discretion. Id.; Wiley, 943 S.W.2d at 111.

 The trial court's final judgment recites the trial court's finding "good cause"
for taxing costs as the party incurring them because of Hardsteen's relative inability
to pay, as compared to Dean's. In moving the trial court for relief under rule 141,
Hardsteen emphasized that Dean's insurer had paid all of Dean's costs, and the
reporter's record indicates that Hardsteen's financial hardship was persuasive to the
trial court in granting relief. 

 Ability to pay, however, does not constitute good cause, as contemplated by
rule 141, to depart from the general rule stated in rule 131. Furr's Supermarkets,
Inc., 53 S.W.3d at 378. If financial inability to pay qualified as "good cause," then,
contrary to rule 131, the winner, and not the loser, of the lawsuit would often be in
a better position to pay the costs. Id. (citing Adams v. Stotts, 667 S.W.2d 798, 801
(Tex. App.--Dallas 1983, no writ)). Moreover, as addressed in Dean's first issue, 
Dean's was entitled to recover both its attorney's fees and its costs in from Rexhall
under section 82.002(a) of the Civil Practice and Remedies Code. Requiring Dean's
to pay its own costs conflicts with that statute as well. We hold the trial court abused
its discretion by considering Hardsteen's and Dean's relative ability to pay costs as
good cause, under rule 141, for deviating from rule 131. 

 We sustain Dean's fifth issue.

Conclusion


 We reverse the judgment of the trial court in part and remand the cause for
determination of Dean's supplemental cross-claims and for determination of its
attorney's fees and costs under section 82.002(a) of the Civil Practice and Remedies
Code. We affirm the judgment of the trial court in all other respects.

 


 Tim Taft


 Justice


Panel consists of Chief Justice Schneider and Justices Taft and Radack.


Do not publish. Tex. R. App. P. 47.4.
1. Tex. Civ. prac. & Rem. Code Ann. § 82.002 (Vernon 1997) ("Manufacturer's
Duty to Indemnify").
2. Tex. Bus. & Comm. Code Ann. § 2.607 (Vernon 1994).
3. Rexhall's status as Dean's codefendant qualified as notice under the act, but
it is undisputed that Dean's also notified Rexhall independently that Dean's
would seek indemnity under the act, in additional compliance with the notice
provisions of the act. See Tex. Civ. Prac. & Rem. Code Ann. § 82.002(f)
(Vernon 1997). This notice was in the form of a letter, dated July 17, 1996,
sent from Dean's counsel to Rexhall. It is also undisputed that Dean's
qualifies as a "seller" under the act. See Meritor Auto., Inc. v. Ruan Leasing
Co., 44 S.W.3d 86, 89 (Tex. 2001) (noting that statutory term "seller" includes
defendant that did not actually sell the product that caused the injury) (citing
Fitzgerald v. Advanced Spine Fixation Sys., 996 S.W.2d 864, 869 (Tex. 1999)).
4. The act also allows the seller to recover from the manufacturer "court costs and
other reasonable expenses, reasonable attorney fees, and any reasonable
damages" the seller incurs in enforcing its right to indemnification under
section 82.002(a). Tex. Civ. Prac. & Rem. Code Ann. § 82.002(g) (Vernon
1997). 
5. See Tex. Civ. Prac. & Rem. Code Ann. § 82.001(2) (Vernon 1997)
("'Products liability action' means any action against a manufacturer or seller
for recovery of damages arising out of personal injury, death, or property
damage allegedly caused by a defective product whether the action is based in
strict tort liability, strict products liability, negligence, misrepresentation,
breach of express or implied warranty, or any other theory or combination of
theories.").

6. The trial court's orders refer to the cross-claims as counter-claims.
7. Tex. Bus. & Com. Code Ann. § 2.607 (Vernon 1994). Dean's had complied
with the notice provisions of this statute early in the litigation. Tex. Bus. &
Com. Code Ann. § 2.607(e)(1) (Vernon 1994).
8. The record reflects that, although Pauline Mayberg Hardsteen is not a party to
this litigation, she was a party to the November 1999 settlement agreement and
that Dean's claimed indemnity against her on that basis.
9. Although Dean's also moved for summary judgment under section 2.607, the
record reflects the trial court rendered summary judgment in favor of Rexhall
by granting Rexhall's motion, which was premised solely on section 82.002(a)
of the Civil Practice and Remedies Code. Accordingly, the trial court did not
resolve Dean's section 2.607 claims when it rendered summary judgment in
favor of Rexhall. 
10. We reject appellees' contention that Dean's improperly filed its cross-claims
as "supplemental" pleadings. Given the procedural posture of this case, Dean's
pleading "responded" to the reality of appellees' settlement and was thus
properly designated "supplemental." See Tex. R. Civ. P. 69; J.M. Huber Corp.
v. Santa Fe Energy Res., Inc., 871 S.W.2d 842, 844 (Tex. App.--Houston
[14th Dist.] 1994, no writ).