**CU LLOYD'S OF TEXAS and Commercial Union Insurance Company, Petitioners,**

v.

**Stewart A. FELDMAN and wife, Marla B. Matz, Respondents.**

No. 96–1041.

Supreme Court of Texas.

Aug. 27, 1998.

Rehearing Overruled Nov. 12, 1998.

Larry D. Thompson, Richard Nelson Moore, Richard L. Ellison, Brad Beers, Diane M. Guariglia, Houston, for Petitioners.

Larry S. Kaplan, Dallas, John Stephen Morgan, Kent M. Adams, Ross Holiday Jones, Beaumont, Michael Ian Kahn, Callas, for Respondents.

PER CURIAM.

In this insurance case, we consider whether a court of appeals may properly render judgment on a party's liability for breach of contract without evidence of damages and when no declaratory judgment has been sought. We conclude that it cannot, and reverse that portion of the court of appeals' judgment rendering judgment in favor of Feldman.[1]

Stewart Feldman sued CU Lloyd's of Texas, seeking damages for Lloyd's alleged breach of the duty of good faith and fair dealing and breach of contract after Lloyd's refused to defend Feldman in a lawsuit. The trial court severed Feldman's breach of contract claims from his bad faith claims. Lloyd's moved for final summary judgment on the breach of contract claims, claiming that no duty to defend existed because Feldman was not an insured under the policy. In response, Feldman moved for partial summary judgment, but only on the issues of the

---

**1.** Both Feldman and CU Lloyd's filed applications for writ of error in this case, styled *Stewart A. Feldman and wife, Marla B. Matz, D.D.S. v. Transcontinental Insurance Co. d/b/a CNA Insurance Companies* and *CU Lloyd's of Texas and* *Commercial Union Insurance Co. v. Stewart A. Feldman and wife, Marla B. Matz,* respectively. Feldman's application for writ of error has been severed and is denied simultaneously with the issuance of this opinion.

existence and breach of the duty to defend. The trial court granted the summary judgment motion filed by Lloyd's, and denied Feldman's motion for summary judgment. Feldman appealed both rulings to the court of appeals. *See generally Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988) (denial of summary judgment becomes reviewable on appeal by virtue of appellant's complaint regarding grant of summary judgment in favor of adversary).

The court of appeals concluded that Feldman was an insured under the policy, and thus Lloyd's owed Feldman a duty to defend. Accordingly, the court reversed the trial court's grant of summary judgment in favor of Lloyd's, and after determining that Lloyd's had in fact breached its duty to defend, the court of appeals "render[ed] judgment in favor of Feldman." We affirm the court of appeals' reversal of summary judgment for Lloyd's; however, we conclude that the court of appeals erred in rendering judgment for Feldman on the issue of liability alone.

Feldman's motion sought a partial summary judgment only on the issue of the liability of Lloyd's for breach of contract. The motion did not address, nor did the trial court consider, Feldman's alleged damages. Thus, the court of appeals' "rendition" of judgment for Feldman could only encompass the issue of the liability of Lloyd's. Lloyd's contends that the court of appeals' rendition of judgment on the sole issue of liability was error. Feldman concedes that the case must be remanded to the trial court for a trial on damages; however, he asserts that rendition of judgment on the issue of liability alone was proper.

When considering cross motions for summary judgment, a court of appeals may reverse and render the judgment that the trial court should have rendered. *Jones*, 745 S.W.2d at 900. However, before a court of appeals may reverse summary judgment for one party and render judgment for the other party, both parties must ordinarily have sought final judgment relief in their cross motions for summary judgment. *See Bowman v. Lumberton Indep. Sch. Dist.*, 801 S.W.2d 883, 889–90 (Tex.1990); *Montgomery v. Blue Cross & Blue Shield, Inc.*, 923 S.W.2d 147, 152 (Tex.App.—Austin 1996, writ denied); *Mayes v. City of De Leon*, 922 S.W.2d 200, 204 (Tex.App.—Eastland 1996, writ denied); *Runyan v. Mullins*, 864 S.W.2d 785, 790 (Tex.App.—Fort Worth 1993, writ denied). When the relief sought is a declaratory judgment, an appellate court may properly render judgment on liability alone. *Bowman*, 801 S.W.2d at 889. In this case, however, Feldman sought no declaratory relief and no evidence of damages was submitted or considered. Although the record does not contain the trial court's severance order, the motion for severance indicates that the breach of contract claim was severed as a whole, and nothing in the record or the parties' arguments indicates that the duty to defend issue was treated as a declaratory judgment issue. Thus, the court of appeals erred in rendering judgment for Feldman.

Accordingly, pursuant to Texas Rule of Appellate Procedure 59.1, and without hearing oral argument, we affirm in part and reverse in part the judgment of the court of appeals and remand the case to the trial court.