Opinion issued July 3, 2003
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00881-CV




DONALD G. WILHELM, Appellant

V.

FINGER FURNITURE COMPANY, INC., AND JOHN WILLIAMS,
Appellees




On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 731,669




MEMORANDUM OPINION

           Appellant, Donald G. Wilhelm, appeals from a take-nothing judgment rendered
in favor of appellees, Finger Furniture Company, Inc. (Finger), and its sales agent,
John Williams, on Wilhelm’s claims arising from a failed sale of furniture from a
Finger store. Wilhelm presents four issues. Two of these challenge the trial court’s
rulings on the parties’ pre-trial motions for summary judgment: Wilhelm contends
that the trial court erred by not rendering summary judgment in Wilhelm’s favor on
all his claims and also by rendering summary judgment in favor of Finger on
Wilhelm’s claims that Finger violated the Deceptive Trade Practices–Consumer
Protection Act (DTPA).


 Wilhelm further contends that the trial court erred by
directing a verdict in favor of Finger on Wilhelm’s remaining claims and by
excluding evidence of the value of the furniture at issue. We affirm. 
Background
          Wilhelm sued Finger, a furniture store, and its salesman, John Williams,
seeking damages based on a mistaken understanding that Wilhelm had purchased a
designer leather chair and ottoman from one of Finger’s Houston stores. The set was
a single item of its type in that store’s inventory and had been designated to be
removed from inventory. On the day of the failed purchase, Wilhelm successfully
negotiated with Williams to purchase the set for $1,498.00 plus tax, for a total of
$1,621.59. After Wilhelm presented his credit card for payment and received a
receipt, Williams placed a “sold” tag on the furniture. Neither Wilhelm nor Williams
realized that a different salesperson had sold that same set of furniture to a different
customer just four minutes earlier and had entered that transaction at a different sales
station. The earlier sale did not appear in the store’s computer when Williams entered
Wilhelm’s purchase, however, and no “sold” tag had been placed on the furniture. 
Finger delivered the furniture to the first-in-time-purchaser, who had paid $100.00
more than Wilhelm for the set. Wilhelm initially sought another set of the same
furniture from a different Finger store, and Finger tried to locate another set for
several weeks, but failed. 
          Three days after the failed sale, Wilhelm issued a DTPA notice letter


 to
Finger, in which Wilhelm demanded $2,302.00 as “benefit of the bargain” damages. 
The claimed amount represented the difference between the value of the set according
to the price tag on the furniture and the amount Wilhelm paid. The notice letter
presumed that Wilhelm had purchased the furniture first and that Finger had sold it
again to the other customer at a higher price. 
          Two months after the failed sale, Wilhelm issued an additional letter on his law
firm stationary, in which he demanded payment for damages “that exceed[ed] $2,000
given the cost to replace what was mine, but intentionally converted and sold again
for an additional $100,” and offered to settle the dispute for $2,000.00. Within the
same time frame, Wilhelm’s credit-card account was fully credited for the $1,621.59
purchase amount. When Finger did not pay the $2,303.00 initially demanded or the
proposed $2,000.00 settlement amount, Wilhelm sued Finger and Williams for “lost
benefits” and alleged the following theories of liability: negligence, fraud,
conversion, breach of contract, and violations of the DTPA. Wilhelm eventually
sought $2,303.00 as damages and $77,080.00 in attorney’s fees. 
          Wilhelm filed a traditional motion for summary judgment against Finger,
claiming he was entitled to prevail as a matter of law on all claims, and Finger and
Williams filed a no-evidence motion for summary judgment on Wilhelm’s DTPA
claims. See Tex. R. Civ. P. 166a(a), (i) (for “claimant” and “no evidence motion,”
respectively). The trial court denied Wilhelm’s motion, but granted Finger’s and
Williams’s motion and dismissed Wilhelm’s DTPA claims. Finger sought additional
relief by traditional motion for summary judgment on Wilhelm’s tort claims and a no-
evidence motion premised on lack of evidence of damages. See Tex. R. Civ. P.
166a(b), (i) (for defending party and based on no-evidence, respectively). The trial
court denied both motions, and the case proceeded to trial. 
          Williams testified as an adverse witness at trial, and Wilhelm and his attorney
also testified in his case-in-chief. After Wilhelm rested, Finger moved for and was
granted a directed verdict on all Wilhelm’s remaining claims. We address Wilhelm’s
challenges according to the sequence of the trial court’s ruling.
Summary Judgment for Finger on DTPA Claims
          Wilhelm’s third issue challenges the rule 166a(i) summary judgment rendered
in Finger’s favor on Wilhelm’s DTPA claims. After adequate time for discovery has
passed, a party may move for summary judgment on a claim on which the adverse
party would have the burden of proof at trial, on the grounds that there is no evidence
of one or more essential elements of that claim. Tex. R. Civ. P. 166a(i). We review
a summary judgment rendered under rule 166a(i) in the light most favorable to the
non-movant. Harwood v. Hines Interests Ltd. P’ship, 73 S.W.3d 450, 452 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). 
          A consumer may recover under the DTPA for a false, misleading, or deceptive
act, or other practice, enumerated in the DTPA, that is a producing cause of damage
to the consumer. Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 501-02 (Tex. 2001);
Tex. Bus. & Com. Code Ann. § 17.46 (a), (b) (Vernon 2002). To warrant recovery
for misrepresentation, the misrepresentation must be false, but the complaining party
need not prove that the misrepresentation was intentional or that the party who made
the misrepresentation knew that it was false. Helena Chem. Co., 47 S.W.3d at 502;
Miller v. Keyser, 90 S.W.3d 712, 716 (Tex. 2002). 
          Wilhelm alleged that Finger (1) misrepresented the availability of the chair and
ottoman set and (2) represented the value of the set at $3,800.00, but disputed that
value after accepting the $1,621.59 payment. Wilhelm also claimed that Finger knew
that Wilhelm had paid for the furniture before the other purchaser. Finger sought
summary judgment on Wilhelm’s DTPA cause of action by claiming that the
misrepresentations that Wilhelm alleged were not actionable under the DTPA, but
amounted to a mere breach of a contract for sale, and that, despite discovery, there
was no evidence of any misrepresentation by Finger or its agent, Williams. In
response, Wilhelm contended that his claims went beyond the contract for sale
because Finger represented that the value of the furniture was $3,800 “to induce”
Wilhelm to purchase and then “failed to disclose that it would sell the same chair and
ottoman to another for $100 more.” Wilhelm’s response incorporated his affidavit
attached to his own motion for summary judgment. 
          A representation that a contract will be performed does not give rise to a DTPA
claim if the contract is not performed. Crawford v. Ace Sign, Inc., 917 S.W.2d 12,
14-15 (Tex. 1996). Wilhelm’s affidavit contained no evidence of a misrepresentation
by Finger or by Williams, its agent, and no evidence that Wilhelm had actually
purchased the furniture first or that Finger induced Wilhelm to purchase by failing to
disclose a sale to a different buyer. Morever, Wilhelm described the damages he
claimed as the difference between the described value of the furniture, $3,800.00, and
the price he agreed to pay, which difference he characterized as the “benefit” of his
“bargain.” The DTPA permits recovery of “benefit of the bargain” damages based
on the difference between the value represented and the value received. See W.O
Bankston Nissan, Inc. v. Walters, 745 S.W.2d 127, 128 (Tex. 1988). For this theory
of damages to apply, the consumer must receive something less than what was
bargained for. See id. The theory does not apply to the completely failed purchase,
on which Wilhelm premises his claims, nor claims premised on a price that Wilhelm
negotiated to below the represented value.
          We hold that Wilhelm produced no evidence to substantiate his DTPA cause
of action. Accordingly, the trial court properly granted Finger’s no evidence motion
for summary judgment. See Tex. R. Civ. P.166a(i) (“The court must grant the motion
unless the respondent produces summary judgment evidence raising a genuine issue
of material fact.”).
          We overrule Wilhelm’s third issue. 
Denial of Wilhelm’s Motion for Summary Judgment
          In his first issue, Wilhelm contends that the trial court erred by not rendering 
summary judgment in his favor on all claims. Wilhelm attempts to invoke the “cross-motion” rule that permits a party who has been denied summary judgment to appeal
that ruling as well as the judgment in favor of an opponent who also sought summary
judgment. CU Lloyd’s v. Feldman, 977 S.W.2d 568, 569 (Tex. 1998). Each party
must carry its own burden, however, both as movant and in response to the other
party’s motion, as non-movant. Id.; James v. Hitchcock Indep. Sch. Dist., 742 S.W.2d
701, 703 (Tex. App.—Houston [1st Dist.] 1987, writ denied). In addition, both
parties must ordinarily have sought final-judgment relief in their respective cross
motions for summary judgment before we may reverse a summary judgment for one
party and render judgment for the opposing party. CU Lloyd’s, 977 S.W.2d at 569. 
          Wilhelm sought a traditional summary judgment on all his claims here, as
addressed above. But Finger and Williams sought only a partial summary judgment
at that point in time on a different basis—that of no evidence. Similarly, although
Finger and Williams later sought summary judgment once again, on traditional
grounds for Wilhelm’s tort claims, and on no-evidence grounds, based on lack of
evidence of damages, Wilhelm did not seek summary judgment at that point in time. 
Under the circumstances presented here, we hold that Wilhelm may not rely on the
“cross-motion” rule to challenge the denial of his traditional motion for summary
judgment.
          We overrule Wilhelm’s first point of error. 
Exclusion of Evidence
          Wilhelm’s fourth issue challenges the trial court’s excluding evidence of the
market value of the chair and ottoman. Evidentiary rulings are committed to the
discretion of the trial court and are reversed only on a showing that the trial court
abused it discretion. Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43
(Tex. 1998). As addressed above, “market value” is relevant, to calculate “benefit of
the bargain” damages. See W.O Bankston Nissan, Inc., 745 S.W.2d at 128. For the
reasons stated above, this theory of damages does not apply to claims premised on a
completely failed purchase. Because the theory of damages did not apply, we hold
that evidence of market value was irrelevant. We conclude that the trial court
properly excluded that evidence. 
          We overrule Wilhelm’s fourth issue. 
Directed Verdict
          In his second issue, Wilhelm contends that the trial court erred by directing a
verdict at the close of Wilhelm’s case-in-chief on his remaining claims of negligence,
fraud, conversion, and breach of contract. Rule 268 governs directed verdicts. Tex.
R. Civ. P. 268. A directed verdict in favor a defendant is appropriate when the
plaintiff does not present evidence to raise a fact issue that is essential to the
plaintiff’s right of recovery. Prudential Ins. Co. v. Fin. Review Servs., 29 S.W.3d 74,
77 (Tex. 2000). We review the trial court’s ruling under a legal-sufficiency standard. 
See Haynes & Boone, L.L.P. v. Chason, 81 S.W.3d 307, 309 (Tex. App.—Tyler 2002,
pet. denied). Accordingly, we may affirm a judgment based on a directed verdict if
the ruling is correct, even if the trial court’s rationale was erroneous. See Saenz v.
Ins. Co., 66 S.W.3d 444, 446 (Tex. App.—Waco 2001, no pet.). 
          Finger and Williams moved for directed verdict on the grounds that Wilhelm
incurred no damages. It is undisputed that, although Wilhelm’s credit-card account
was initially charged $1,621.59 for the negotiated purchase price plus sales taxes, the
amount was never actually paid because the account was fully credited in that amount
and the purchase rescinded. The record reflects that Wilhelm disputed the charge
initially with his credit-card company and that the charge was removed within 60
days of the purchase. Wilhelm received nothing, but also paid nothing. Wilhelm
offered no evidence of any other consequential damages. Because Wilhelm received
nothing and also paid nothing, his claim for “benefit of the bargain” damages does
not apply because the difference between the value represented and the value received
is not calculable. See W.O Bankston Nissan, Inc., 745 S.W.2d at 128. Furthermore,
Finger’s computer printouts of Wilhelm’s purchase and the related purchase
conclusively established that the related purchase preceded Wilhelm’s by
approximately four minutes. Because Wilhelm produced no evidence to the contrary,
the record conclusively negated Wilhelm’s conversion and fraud claims. 
          Failure of proof of damages is fatal to recovery on any theory of liability. See
Gulf Coast Inv. Corp. v. Rothman, 506 S.W.2d 856, 858 (Tex. 1974); Oyster Creek
Fin. Corp. v. Richwood Inv. II, Inc, 957 S.W.2d 640, 650 (Tex. App.—Amarillo 1997,
pet. denied) (overruling cross-point challenging zero-damage award); Nance v.
Resolution Trust Corp., 803 S.W.2d 323, 329-32 (Tex. App.—San Antonio 1990, no
writ) (affirming judgment notwithstanding the verdict that vacated jury award of
damages). Failure to prevail on any theory is likewise fatal to any claim of attorney’s
fees. Green Int’l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997). 
          We hold that the trial court properly directed a verdict in favor of Finger and
Williams. 
          We overrule Wilhelm’s second point of error. 
Conclusion
          We affirm the judgment of the trial court.
 
Elsa Alcala
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.