Affirmed and Memorandum Opinion filed July 27, 2006








Affirmed and Memorandum Opinion filed July 27, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00675-CV

____________

 

CHOICE PERSONNEL NO. FOUR, INC. AND
CHOICE ACQUISITIONS NO. THREE, INC., Appellants

 

V.

 

HERBERT RICHARDSON AND JOHN GILMORE, Appellees

 



 

On Appeal from the 113th
Judicial District Court

Harris County, Texas

Trial Court Cause No. 04-71620

 



 

M E M O R A N D U M    O P I N I O N








This is the latest appeal in a series of lawsuits regarding
ownership of an apartment complex that was purchased at a foreclosure sale by
appellees, Herbert Richardson and John Gilmore (collectively, Athe Owners@).  The trial
court granted summary judgment in the Owners= favor on all
claims by appellants Choice Personnel No. Four, Inc. (AChoice Personnel@) and Choice
Acquisitions No. Three, Inc. (AChoice Acquisitions@; collectively, Athe Choice
Companies@) and denied appellant Choice Personnel=s motion for
partial summary judgment.  We hold the Choice Companies= causes of action
are time-barred, and therefore, affirm the judgment of the trial court.

I.  Factual and Procedural History

The apartment complex at issue is located at Lot 7, block 8
of Hillendahl Acres in Harris County, Texas (Athe Property@).  On or about
November 1, 1988, Investment Choices Corp. purchased the Property from Johanna
Square Company, Ltd. via warranty deed with a promissory note secured by a deed
of trust (ADeed of Trust@) executed by
David A. Newman,  president of Investment Choices.  The Deed of Trust
authorized the trustee or his substitute or successor to sell the Property at a
non-judicial foreclosure sale in the event of default.[1]


On or about November 7, 1988, Investment Choices, acting
through Dov Avni Kaminetzky, conveyed half of its interest in the Property to
Howard Weiss.  A few weeks  later, Kaminetzky conveyed Investment Choices=s remaining
one-half interest in the Property to Tamar Avni Kaminetzky a/k/a Tamar Avni. 
Thereafter, Weiss and Avni each conveyed their ownership in the Property to
Choice Acquisitions .[2]


Approximately four years later, on September 22, 1992,
Kaminetzky, acting both as trustee of Investment Choices and as president of
Choice Acquisitions, executed a ASecond
Modification and Extension of Real Estate Note and Liens@ (ASecond
Modification@).  Significantly, this document also acknowledged the
Deed of Trust.








The Owners purchased the Property at a non-judicial
foreclosure sale conducted by a substitute trustee on August 3, 1999.  The
Substitute Trustee=s Deed, executed the same day, recites
that Berfal Properties, Inc. is the holder and assignee of the Deed of
Trust, and all prerequisites required by law and/or by the Deed of Trust have
been fully satisfied.

After the foreclosure sale, Choice Acquisitions executed a
special warranty deed[3]
conveying a one-third interest in the Property, all rental activities, and all
detachable and personal property to Choice Personnel by and through Kaminetzky
acting as (1) president of Choice Personnel, (2) co-owner of the Property,[4]
and (3) Aassignee of causes
of action against >Johanna Square Co., Ltd.,[=] the prior lender
on this project, its successors, transferees and assigns.@  The special
warranty deed referred to Choice Personnel and Kaminetzky jointly as AGrantee,@ and was made Asubject to all
liens now affecting the [P]roperty . . . but without
ratifying same or assuming personal liability thereunder.@  The deed also
stated in relevant part:

Grantee expressly assumes hereby any and all liabilities, if any, of
Grantors, with respect to any claim asserted or any lawsuit that may be filed
against or in connection with any of the above listed property interests
conveyed herein, or with respect to any action to determine ownership or
possessory rights related thereto, and by this presents declares and represents
that it will [indemnify] and [hold] harmless Grantees [sic][5]
against any such claim, liability or judgment, and against any cost or damage
related thereto, and hereby assumes the position of Grantor in any such dispute
as its assignee/substitute.  

Kaminetzky
signed the deed as AIndividual Grantee/Assignee and as
authorized corporate representative of [Choice Personnel].@  The document was
ratified by Choice Acquisitions and by Kaminetzky in his capacity as president
and CEO of Choice Personnel on August 3, 1999Cthe day of the
foreclosure sale.








Seventeen days after the sale, the Owners filed suit
against Kaminetzky, Investment Choices[6]
and another corporation, alleging interference with the Owners= title and
ownership.[7] 
The Owners obtained summary judgment against Investment Choices, and final
judgment as to all parties on February 3, 2000.  The judgment permanently
enjoined Kaminetzky and any corporation or entity directly or indirectly controlled
by him from attempting to exclude the Owners from possession of the Property
and from causing any further documents pertaining to the Property to be filed
in the real property records of Harris County.  On June 26, 2003, the First
Court of Appeals affirmed the judgment of the trial court.  Kaminetzky v.
Richardson, No. 01-00-00575-CV, 2003 WL 21470396, (Tex. App.CHouston [1st
Dist.] June 26, 2003, pet. denied) (mem. op.). 

Choice Acquisitions and Choice Personnel filed the instant
suit on December 20, 2004.  Nine days after this suit was filed, Kaminetzky
filed a ANotice of
Disaffirmation of Debt@ in the property records of Harris County.[8] 
In that document, Kaminetzky asserted that (1) Newman did not have
authority to execute the original Deed of Trust on behalf of Investment
Choices; (2) Investment Choices could not legally conduct business in
Texas at any time before November 10, 1988; and (3) the Second
Modification was never ratified or approved by Investment Choices=s board of
directors.








Choice Personnel moved for partial summary judgment, asking
the trial court to declare the Owners never had any valid, legal ownership of
the Property, and to invalidate any of the Owners= conveyances of
the Property.[9] 
The trial court denied the motion on March 21, 2005.

The Owners then moved for final summary judgment, arguing
that the Choice Companies= causes of action were time-barred. 
Relying on the final adjudication of the prior suit, the Owners also asserted
res judicata and collateral estoppel as alternative summary judgment grounds. 
On April 21, 2005, the trial court granted the Owners= summary judgment
motion without specifying the grounds, and this appeal ensued.

II.  Issues








The Choice Companies have preserved ten issues for our
review,[10]
challenging the trial court=s orders granting the Owners= motion for final
summary judgment and denying Choice Personnel=s motion for
partial summary judgment.  In four issues, the Choice Companies argue their
claims for possession of the Property are not barred by the statute of
limitations governing adverse possession under title or color of title as the
Owners contend.  Specifically, the Choice Companies assert the Deed of Trust
foreclosed upon is void, and the Substitute Trustee=s Deed is a
quitclaim deed, and thus, is not evidence of title supporting the Owners= claim of adverse
possession.  In four additional issues, the Choice Companies contend summary
judgment must be reversed because the Owners failed to prove the validity of
the recitals in the Substitute Trustee=s Deed, and
obtained the Property through fraud on the court.  Although not included among
the Choice Companies= stated issues, they also argue the Owners
are not entitled to summary judgment on the Choice Companies= claims of
conversion and fraud because the Owners failed to present evidence negating the
discovery rule.  Finally, the Choice Companies argue the Owners are not
entitled to summary judgment on their alternative grounds of res judicata and
collateral estoppel because the Choice Companies are not in privity with the
parties in the prior lawsuit.  

III.  Standard of Review

The Choice Companies ask us to reverse the trials court=s grant of summary
judgment in favor of the Owners and render summary judgment in favor of the
Choice Companies. Before an appellate court may reverse summary judgment for
one party and render judgment for the other party, both parties must ordinarily
have sought final judgment relief in their cross motions for summary judgment. 
See CU Lloyd=s of Tex. v. Feldman, 977 S.W.2d 568,
569 (Tex. 1998).  However, when the relief sought is a declaratory judgment, an
appellate court may properly render judgment on liability alone.  Id. 
Because Choice Personnel=s motion for partial summary judgment
sought declaratory judgment, we review both motions.  We apply the same
standard of review for the denial of summary judgment as for the granting of
summary judgment.  Ervin v. James, 874 S.W.2d 713, 715 (Tex. App.CHouston [14th
Dist.] 1994, writ denied).  When a trial court grants summary judgment for one
movant and denies it for another without specifying the reason for its ruling,
we affirm the trial court=s judgment if any of the grounds raised in
the prevailing party=s motion are meritorious.  Carlton v.
Trinity Universal Ins. Co., 32 S.W.3d 454, 458 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).








A
traditional summary judgment may be granted if the motion and summary judgment
evidence show there is no genuine issue of material fact and the moving party
is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c).  In reviewing a summary judgment, we take as true all
evidence favorable to the nonmovant and indulge every reasonable inference, and
resolve any doubts, in the nonmovant=s favor.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  When the trial
court does not specify the basis for its summary judgment, the appealing party
must show each independent ground alleged is insufficient to support the
summary judgment granted.  See Star‑Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1995).

IV.  Analysis

A.      Statutes
of Limitations

1.       Real
Property Claims

In their motion for final summary judgment, the Owners
contend they adversely possessed the Property under title or color of title on
August 3, 1999, and thus, the Choice Companies= claims for
possession or ownership are barred by the three-year statute of limitations.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 16.024 (Vernon
2002) (party must file suit to recover real property held by another in
peaceable and adverse possession under title or color of title not later than
three years after the day the cause of action accrues).  The Choice Companies
respond that summary judgment cannot be affirmed on this basis because section
16.024 does not apply to the Owners= claims. 
Specifically, the Choice Companies argue the Owners do not hold the Property
under title or color of title because Newman, then-president of Investment
Choices, was not authorized to sign the Deed of Trust and his act was not
ratified or approved by the board of directors of Investment Choices.  Thus,
the Choice Companies claim the 1988 Deed of Trust is void.  The Choice
Companies also assert that  the Substitute Trustee=s Deed does not
constitute title or color of title because it is a quitclaim deed.  In a
related argument, the Choice Companies contend summary judgment must be
reversed because the Owners failed to prove the recitals of the Substitute
Trustee=s Deed.








a.       Validity of the 1988 Deed of Trust

The summary judgment evidence establishes that within sixty
days of its 1988 purchase, Investment Choices conveyed the Property subject to
the Deed of Trust.  Regardless of whether Newman was initially authorized to
purchase the Property subject to the Deed of Trust, Investment Choices ratified
the transaction by these subsequent conveyances.  See  Zieben v. Platt,
786 S.W.2d 797, 802 (Tex. App.CHouston [14th Dist.] 1990, no writ) (ARatification
occurs when a party recognizes the validity of a contract by acting under it,
performing under it or affirmatively acknowledging it.@) (emphasis
added).[11]
Investment Choices=s successors in interest also ratified the
Deed of Trust before any share of the Property was conveyed to the Choice
Companies.  Thus, this argument is without merit.

b.       Characterization
of the Substitute Trustee=s Deed  

The Choice Companies contend that the Substitute Trustee=s Deed does not
constitute title or color of title sufficient to begin the Owners= period of adverse
possession under section 16.024 because the Substitute Trustee=s Deed is actually
a quitclaim deed.  See Rogers v. Ricane Enters., Inc., 884 S.W.2d 763,
769 (Tex. 1994) (holding a quitclaim deed is not a conveyance or a muniment of
title and does not establish any title in those holding the deed, but merely
passes the interest of the grantor in the property).








In deciding whether an instrument is a quitclaim deed,
courts look to whether the language of the instrument, taken as a whole,
conveyed the property or merely the grantor=s rights. 
Geodyne Energy Income Prod. P=ship I-E v. Newton
Corp., 161 S.W.3d 482, 486B87 (Tex. 2005) (assignment and bill of
sale that never stated the nature or percentage interest that was being
conveyed and expressly disclaimed warranty of title was a quitclaim deed). 
Here, the Substitute Trustee=s Deed identifies the Property by legal
description and recites the history of the unpaid promissory note, the Deed of
Trust, and events surrounding the substitute trustee=s appointment and
the conduct of the sale.  The Substitute Trustee=s Deed further
states:

Substitute Trustee . . . has GRANTED, SOLD and CONVEYED the Subject
Property, and by these presents does GRANT, SELL, AND CONVEY the Subject
Property, unto Purchaser and Purchaser=s heirs, executors, administrators, successors and
assigns.  

This conveyance is made, and Grantee hereby agrees to accept and by its
acceptance of the Deed Grantee does hereby accept the Subject Property in its AAS IS@ condition, subject to all restrictions, covenants,
conditions, liens, encumbrances, reservations, easements, and other exceptions
to title, if any, relating tot he [sic] Subject Property, and to all zoning
law, regulations[,] and ordinances of municipal and/or governmental
authorities, if any, relating to the Subject Property; it being expressly
understood and agreed that any and all warranties, whether expressed or
implied, and whether of merchantability, habitability or fitness of purpose,
are expressly waived by Purchaser.  

TO HAVE AND TO HOLD the Subject Property, together with the rights,
privileges and appurtenances thereto belonging, unto Purchaser and Purchaser=s heirs, executors, administrators,
successors and assigns forever.  And Substitute Trustee does hereby bind Debtor
and Debtor=s successors to warrant and forever
defend the Subject Property unto Purchaser and Purchaser=s heirs, executors, administrators,
successors and assigns forever, against the claim or claims of all persons
claiming or to claim the same or any part thereof.








Taken as a whole, we conclude the Substitute Trustee=s Deed does not
merely convey the grantor=s rights, but conveys the Property.  See
Whitehead v. State, 724 S.W.2d 111, 113 (Tex. App.CBeaumont 1987,
pet. ref=d) (holding that a
deed reciting, in substance, that grantor granted, sold, and conveyed to
grantee all of grantor=s rights, title, and interest to three
separate tracts of land in question, which described those tracts in detail,
and which did not use the word Aquitclaim@ or words Aremise, release,
and forever quitclaim,@ was not a quitclaim deed).[12] 
Accordingly, we conclude the Owners assert their claims to the Property Aunder title or
color of title.@

c.       Recitals of the Substitute Trustee=s Deed

The Choice Companies also argue the Owners are not entitled
to summary judgment because the Owners produced no evidence that, at the time
of the foreclosure sale, Berfal Properties owned the note and Investment
Choices was in default.  This is incorrect.  The Owners produced the Substitute
Trustee=s Deed that states
Berfal Properties owns the note and all prerequisites to the sale have been
satisfied.  The recitals in the Substitute Trustee=s Deed constitute
prima facie evidence of the validity of the foreclosure sale.  See Deposit
Ins. Bridge Bank, N.A., Dallas v. McQueen, 804 S.W.2d 264, 266 (Tex. App.CHouston [1st
Dist.] 1991, no writ)  (holding that recitals in a deed are presumed to be
correct, unless rebutted by competent evidence).  The Choice Companies offered
no evidence rebutting the presumption that these recitals are correct;
therefore, the Owners were not required to produce evidence proving the deed=s recitals.

The summary judgment evidence establishes that the Owners
hold the Property under title or color of title.  The Choice Companies failed
to bring suit within three years of the time the Owners acquired title,
therefore, we conclude the trial court could have found their claims for
ownership or possession of the real Property were time-barred.  

2.       Personal
Property Conversion Claims








Conversion claims are governed by a two-year statute of
limitations.  Tex. Civ. Prac. & Rem.
Code Ann. ' 16.003(a) (Vernon Supp. 2005).  The
limitations period for a conversion claim begins to run at the time of the allegedly
unlawful taking.  Rogers v. Ricane Enters., Inc., 930 S.W.2d 157, 166
(Tex. App.CAmarillo 1996, writ denied).  Because the Owners took
possession of the premises on August 3, 1999, more than two years before the
Choice Companies filed suit, their claims are time-barred.[13]

The Choice Companies contend the Owners= summary judgment
cannot be affirmed on this basis because the Owners failed to produce evidence
of the date the Choice Companies should have discovered the alleged
conversion.  The discovery rule was not raised by the Choice Companies= pleadings; thus,
the Owners were not required to negate its application in order to prevail.  See
Tex. R. Civ. P. 94; Woods v.
William M. Mercer, Inc., 769 S.W.2d 515, 518 (Tex. 1988) (where the party
relying on the discovery rule fails to raise the matter in its pleadings, the
defense is waived). 

3.       Fraud
Claims

The Owners produced affidavit summary judgment evidence
showing they have had no communications with the Choice Companies unrelated to
judicial proceedings since August 3, 1999, and thus, the Choice Companies= fraud claims are
barred by the four-year statute of limitations.  See Tex. Civ. Prac. & Rem. Code Ann. ' 16.004(a)(4)
(Vernon 2002) (fraud claims are governed by a four-year statute of
limitations); see also Randolph v. Walker, 29 S.W.3d 271, 278
(Tex. App.CHouston [14th Dist.] 2000, pet. denied) (statements
made in relation to a proposed or existing judicial proceeding are absolutely
privileged, and cannot constitute the basis of a civil action).  The burden
therefore shifted to the Choice Companies to produce some evidence that the
Owners made a non-judicial, fraudulent representation to the Choice Companies
less than four years before the Choice Companies filed this suit.  








The Choice Companies produced no evidence that the Owners
committed fraud against them; rather, the Choice Companies respond by claiming
Richardson committed Afraud on a court of law.@  Although the
Choice Companies= petition in this case alleged that ARichardson has
committed fraud,@ it did not allege Afraud on a court
of law.@  Reading the
petition as broadly as possible does not extend the claim of fraud far enough
to encompass fraud upon unidentified courts.  Because such a claim was not
asserted in the Choice Companies= petition or tried
by consent, we affirm the summary judgment in the Owners= favor on the Choice
Companies= fraud claims.[14]

B.      Choice
Personnel=s Motion for Partial Summary
Judgment

Choice Personnel=s partial summary
judgment grounds were addressed in the Owners= motion for final
summary judgment; accordingly, the above analysis applies to both motions.  
Therefore, we affirm the trial court=s orders granting
final summary judgment in favor of the Owners and denying Choice Personnel=s motion for
partial summary judgment.[15]   

V.  Conclusion

Because
the Owners have established as a matter of law that the Choice Companies= claims are barred by the applicable
statutes of limitations, we need not address whether the Choice Companies= current claims are barred by res
judicata or collateral estoppel. Moreover, we hold that the Choice Companies= remaining issues and arguments are
waived.  








Accordingly, we affirm
the judgment of the trial court.

 

 

 

/s/        Eva M. Guzman

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed July 27, 2006.

Panel consists of Justices Fowler,
Edelman, and Guzman.

 









[1]  Both documents were recorded together in Harris
County=s property records on November 8, 1988.





[2]  Each of these conveyances was made via warranty deed
subject to the deed of trust, and all were recorded on August 24, 1990. The
conveyance from Avni was executed by Kaminetzky, as Avni=s attorney-in-fact.





[3]  By its terms, the conveyance was effective at 5:00
p.m. on the day of the sale. See Tex.
Prop. Code Ann. ' 51.002(a) (Vernon Supp. 2005) (a public auction of
real property under a deed of trust must be held between 10:00 a.m. and 4:00
p.m.).





[4]  The deed indicated that Kaminetzky had previously
purchased 9.6% of the Property.





[5]  It appears that AGrantors@ was intended.





[6]  By this time, Investment Choices had changed its
name, and was now known as Investment Performance Corporation f/k/a Investment
Choices Corporation.  For clarity, we will continue to refer to it as
Investment Choices.





[7]  Herbert Richardson and John E. Gilmore v. Dov
Avni Kaminetzky a/k/a Dov K. Avni, Investment Performance Corporation f/k/a
Investment Choices Corporation and Hi-Noi Corporation, Cause No. 99-40435
in the 61st Judicial District Court of Harris County, Texas.  The same day the
Owners filed suit, they recorded their Substitute Trustee=s Deed, and Kaminetzky recorded the deed from Choice
Acquisitions to Choice Personnel.





[8]  This document was apparently filed in violation of
the injunction discussed above.





[9]  Choice Personnel also requested an award of attorney
fees.





[10]  Although the Choice Companies list twenty-one issues
for review and state a number of additional arguments unconnected to these
issues, they have waived the majority of their arguments.  See Tex. R. App. P. 38.1(h) (appellate
briefs must Acontain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record.@); Tex. R. App.
P. 33.1. (with certain exceptions not presented here, an issue is not
preserved for review when the appellants failed to present the issue to the
trial court and obtain a ruling.); Tacon Mech. Contractors, Inc. v. Grant
Sheet Metal, Inc., 889 S.W.2d 666, 671 (Tex. App.CHouston [14th Dist.] 1994, writ denied) (when
appellants= stated issues are not supported by authorities or
citation to the record, but contain mere conclusory arguments, those issues are
waived).





[11]  These conveyances were executed by Kaminetzky, and
the Choice Companies do not contend Kaminetzky was not authorized to convey the
Property subject to the Deed of Trust.





[12]  The Choice Companies also argue that the Substitute
Trustee=s Deed is void because it states the Deed of Trust was
signed by Kaminetzky, rather than by Newman.  The Choice Companies have cited
no authority for the proposition that a trustee=s deed that correctly identifies a deed of trust by file number and
film code number is void solely because it misstates the name of the grantor=s trustee.  This argument is therefore waived.  Tex. R. App. P. 38.1(h).





[13]  Choice Acquisitions conveyed its interest, if any,
in the personal property to Choice Personnel on August 3, 1999.  Thus, Choice
Acquisitions lacks standing to challenge the Owners= summary judgment on these claims.





[14]  We do not reach the question of whether  a separate
civil cause of action exists for Afraud
on a court of law.@ See Dunn v. Murrin, No. 05-04-00438-CV, 2005
WL 2038057, at *3 (Tex. App.CDallas 2005, no
pet.) (mem. op.) (sustaining dismissal of cause of action for Afraud on the court@
for failure to state a viable claim).





[15]  Choice Acquisitions joins Choice Personnel=s appeal of the trial court=s ruling denying Choice Personnel=s motion for partial summary judgment.  To appeal an
alleged error, a party must show that the error injuriously affects it.  Torrington
Co. v. Stutzman, 46 S.W.3d 829, 844 (Tex. 2000).  Because Choice
Acquisitions has not shown it is harmed by the trial court=s denial of Choice Personnel=s motion, Choice Acquisitions lacks standing to appeal
the denial of that motion.