Appellants= and Appellees= Motions
for Rehearing Denied; Reversed and Remanded; Majority and Dissenting Opinions
of October 29, 2009, Withdrawn, and Majority and Dissenting Opinions on
Rehearing filed January 28, 2010.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00193-CV

____________

 

GREGORY R. MATTOX AND BARBARA
WILKERSON,
Appellants

 

V.

 

GRIMES COUNTY COMMISSIONERS COURT,
BETTY SHIFLETT, GRIMES COUNTY JUDGE, JOHN BERTLING, COUNTY COMMISSIONER
PRECINCT 1, AND PAM FINKE, COUNTY COMMISSIONER PRECINCT 4, Appellees

 



 

On Appeal from the 506th
District Court

Grimes County, Texas

Trial Court Cause No. 30919

 



 

D I S S E N T I N G   O P I N I O N   O N   R E H E A R I N G [1] 
   








This case involves the interpretation of
section 232.008 of the Texas Local Government Code, which governs cancellation
of all or part of a subdivision located outside of any municipality.  Two
landowners invoking this statute applied to a county commissioners court for
cancellation of part of a dedicated roadway.  The court denied the application,
and the landowners brought suit in the district court below seeking a writ of
mandamus commanding the commissioners court to grant the requested
cancellation.  The district court denied the landowners= motion for
summary judgment and granted the motion for summary judgment filed by the
commissioners-court defendants.  Inasmuch as the landowners sought a
cancellation not afforded under section 232.008, the district court did not err
in denying the landowners= motion for summary judgment.  Because the
summary-judgment evidence did not prove as a matter of law that the
commissioners-court defendants were entitled to summary judgment under the
ground asserted in their motion for summary judgment, the district court erred
in granting the defendants= motion.  The district court=s judgment should
be reversed and the case should be remanded for further proceedings consistent
with this analysis.  Because this court reverses and remands based on a
different analysis, I respectfully dissent.

                                                     Background

In May 2005, appellants Gregory R. Mattox
and Barbara Wilkerson (collectively referred to hereinafter as the AMattox Parties@) purchased lots
35 and 36 in the Hill Forest Manor Subdivision (hereinafter the ASubdivision@).  These lots are
in the southwest corner of the Subdivision, and lot 36 borders undivided
acreage to the west that is currently owned by Clifford and Eleanor Jackson
(collectively Athe Jacksons@).  A dedicated
road, known as Hill Forest Lane, runs along the southern border of the
Subdivision.  According to the plat for the Subdivision, the western end of
Hill Forest Lane stops at the Jacksons= property and
forms the southern border of lots 35 and 36.  There is no road on the Jacksons= property leading
up to this corner of their land that the plat reflects borders on Hill Forrest
Lane.  








The Mattox Parties assert that when they
purchased their land, most of what the plat shows as the part of Hill Forrest
Lane south of their property was not being maintained as a road.  The Mattox
Parties claim that they believed that this area was part of the land that they
bought and was not part of Hill Forrest Lane.  After the Mattox Parties cleaned
out the weeds, brush, and debris in this area, they learned that some people in
the Subdivision contended that this land was part of Hill Forest Lane, which is
a county road.  

                                               Procedural
History

According to the Mattox Parties= pleading in the
district court below, the Mattox Parties first filed an application with the
Grimes County Commissioners Court (ACommissioners
Court@) asking the court
to abandon or vacate that part of Hill Forrest Lane, but the court denied the
application in July 2006.  See Tex.
Transp. Code Ann. ' 251.051 (Vernon 1999) (providing that
commissioners courts have the authority to close, abandon, or vacate a public
road). 

In April 2007, the Mattox Parties filed an
AAPPLICATION TO
CANCEL DEDICATION@ with the Commissioners Court.  In this
application, the Mattox Parties asked the court to Acancel the
dedication of that portion of HILL FOREST LANE shown on the plat of HILL
FORREST MANOR SUBDIVISION . . . beginning at the west side of our  property and
extending 134 feet toward the east and ending at the place where GRIMES COUNTY
currently begins maintaining HILL FORREST LANE, which is the west terminating
end of HILL FORREST LANE.@  In their application, the Mattox Parties
relied on section 232.008 of the Texas Local Government Code[2]
as the basis for the relief they requested.  See Tex. Loc. Gov=t Code Ann. ' 232.008 (Vernon 2005). On June 11, 2007,
the Commissioners Court considered the Mattox Parties= application. 
After hearing argument from counsel for the Mattox Parties and counsel for the
Jacksons, the Commissioners Court denied the application by a 3-2 vote.








The Mattox Parties then filed a petition
for writ of mandamus in the district court below against the Commissioners
Court, Grimes County Judge Betty Shiflett, Grimes County Commissioner for
Precinct 1 John Bertling, and Grimes County Commissioner for Precinct 4 Pam
Finke (hereinafter collectively ACommissioners
Court Parties@).  The Mattox Parties asserted that the Commissioners
Court Parties had no discretion to deny the Mattox Parties= section 232.008
application, and on this basis the Mattox Parties sought a writ of mandamus
compelling the Commissioners Court Parties to grant this relief.  

The Mattox Parties filed a motion for
summary judgment asserting they were entitled to the relief they sought as a
matter of law.  The Commissioners Court Parties filed a motion for summary
judgment asserting that, as a matter of law, the Commissioners Court had
discretion to deny the application under subsection (h) of section 232.008. 
The district court denied the former motion and granted the latter motion.  The
propriety of both rulings is before this court on appeal. 

                                                     The
Statute

The first and third issues raise the
question of the proper interpretation of section 232.008.  This statute,
entitled ACancellation of Subdivision,@ contains the
following language:

(b) A person owning real property
in this state that has been subdivided into lots and blocks or into small
subdivisions may apply to the commissioners court of the county in which the
property is located for permission to cancel all or part of the subdivision,
including a dedicated easement or roadway, to reestablish the property as
acreage tracts as it existed before the subdivision. If, on the application, it
is shown that the cancellation of all or part of the subdivision does not interfere
with the established rights of any purchaser who owns any part of the
subdivision, or it is shown that the purchaser agrees to the cancellation, the
commissioners court by order shall authorize the owner of the subdivision to
file an instrument canceling the subdivision in whole or in part. The
instrument must describe the subdivision or the part of it that is canceled. 
The court shall enter the order in its minutes.  After the cancellation
instrument is filed and recorded in the deed records of the county, the county
tax assessor‑collector shall assess the property as if it had never been
subdivided.

. . .








(d) If delinquent taxes are owed on
the subdivided tract for any preceding year, and if the application to cancel
the subdivision is granted as provided by this section, the owner of the tract
may pay the delinquent taxes on an acreage basis as if the tract had not been
subdivided.  For the purpose of assessing the tract for a preceding year, the
county tax assessor‑collector shall back assess the tract on an acreage
basis.

(e) On application for cancellation
of a subdivision or any phase or identifiable part of a subdivision, including
a dedicated easement or roadway, by the owners of 75 percent of the property
included in the subdivision, phase, or identifiable part, the commissioners
court by order shall authorize the cancellation in the manner and after notice
and a hearing as provided by Subsections (b) and (c). However, if the owners of
at least 10 percent of the property affected by the proposed cancellation file
written objections to the cancellation with the court, the grant of an order of
cancellation is at the discretion of the court.

. . .

(g) A person who appears before the
commissioners court to protest the cancellation of all or part of a subdivision
may maintain an action for damages against the person applying for the
cancellation and may recover as damages an amount not to exceed the amount of
the person=s original purchase price for
property in the canceled subdivision or part of the subdivision.  The person
must bring the action within one year after the date of the entry of the
commissioners court=s order granting the cancellation.

(h) The commissioners court may
deny a cancellation under this section if the commissioners court determines
the cancellation will prevent the proposed interconnection of infrastructure to
pending or existing development.

Tex. Loc. Gov=t Code Ann. ' 232.008. 

                                              Standards
of Review








This court reviews the district court=s interpretation of applicable
statutes de novo.  See Johnson v. City of Fort Worth, 774 S.W.2d 653,
655B56 (Tex. 1989).  In construing a
statute, our objective is to determine and give effect to the legislature=s intent.  See Nat=l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000).  If
possible, this court must ascertain that intent from the language the
legislature used in the statute and not look to extraneous matters for an
intent the statute does not state.  Id.  If the meaning of the statutory
language is unambiguous, this court adopts the interpretation supported by the
plain meaning of the provision=s words.  St. Luke=s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997). 
This court must not engage in forced or strained construction; instead, it must
yield to the plain sense of the words the legislature chose.  See id.  

In a traditional motion for summary
judgment, if the movant=s motion and summary-judgment
evidence facially establish its right to judgment as a matter of law, the
burden shifts to the nonmovant to raise a genuine, material fact issue
sufficient to defeat summary judgment.  M.D. Anderson Hosp. & Tumor
Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo
review of a trial court=s summary judgment, this court considers
all the evidence in the light most favorable to the nonmovant, crediting
evidence favorable to the nonmovant if reasonable jurors could, and
disregarding contrary evidence unless reasonable jurors could not.  Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  The evidence
raises a genuine issue of fact if reasonable and fair-minded jurors could
differ in their conclusions in light of all of the summary-judgment evidence.  Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 756 (Tex. 2007). 

The district court denied the motion for
summary judgment filed by the Mattox Parties.  In this motion, the Mattox
Parties sought a final summary judgment; therefore, this court may review the
district court=s denial of the Mattox Parties= motion.  See
CU Lloyd=s of Texas v. Feldman, 977 S.W.2d 568,
569 (Tex. 1998).  When both sides move for summary judgment, each side must
carry its own burden, and neither can prevail because of the failure of the
other to discharge its burden.  INAC Corp. v. Underwriters at Lloyd=s, 56 S.W.3d 242,
247 (Tex. App.CHouston [14th Dist.] 2001, no pet.).  Because parties
on each side were movants, the burden for each was the same: to establish
entitlement to a summary judgment by conclusively proving the independent
grounds for summary judgment asserted in their respective motions.  See id.









                                         The
Mattox Parties= Motion

In the Mattox Parties= traditional
motion for summary judgment (AMattox Parties=  Motion@), they asserted
that there were no genuine issues of material fact and that, as a matter of
law, they were entitled to the mandamus relief requested in their petition.
Specifically, they claimed that, as a matter of law, they were entitled to the
relief they sought under section 232.008.  In their first and third issues, the
Mattox Parties assign as error the trial court=s denial of the
Mattox Parties= Motion and the trial court=s refusal to grant
the mandamus relief they sought as a matter of law.  The Mattox Parties argue
on appeal that they were entitled to mandamus as a matter of law because they
satisfied every requirement of section 232.008 and thus the Commissioners Court
Parties allegedly had a ministerial duty to grant the Mattox Parties= application. 
Therefore, the Mattox Parties have raised the issue of whether, in their
application, they complied with section 232.008.  








Research has revealed no cases addressing
the scope of section 232.008 or the relief that may be granted thereunder. 
Based on the unambiguous language of this statute, one owning real property
that has been subdivided into lots and blocks or into small subdivisions may
apply to the commissioners court of the county in which the property is located
for permission to cancel all or part of the subdivision, and the applicant may
include in this proposed cancellation, the cancellation of a dedicated easement
or roadway.  See Tex. Loc. Gov=t Code Ann. ' 232.008(b). 
However, in this statute, the legislature states that the purpose of any
requested cancellation must be Ato reestablish the property [that is the
subject of the cancellation] as acreage tracts as it existed before the
subdivision.@ Id.  If the cancellation is granted, the
commissioners court shall authorize Athe owner of the
subdivision to file an instrument canceling the subdivision in whole or in part@ and describing Athe subdivision or
the part of it that is canceled.@ Id.  After
this instrument is filed and recorded, Athe county tax
assessor‑collector shall assess the property as if it had never been
subdivided.@  Id.  Section 232.008 also states that, if
cancellation is granted, then the county tax assessor‑collector shall Aback assess the
tract@ on an acreage
basis.  Id. ' 232.008(d).  While an applicant could
seek to reestablish as acreage tracts some of the lots in a subdivision as well
as part of a dedicated easement or roadway, cancellation of only part of a
dedicated roadway would not reestablish any property as acreage tracts as it
existed before the subdivision.  See id.  Therefore, under the
unambiguous language of section 232.008, the commissioners court is not
authorized to cancel only a dedicated easement or roadway or a portion
thereof.  This statute speaks to the cancellation of a subdivision or part
thereof but not to the cancellation of only an easement or roadway (or some
portion of an easement or roadway).[3] 
See id.  The Mattox Parties sought relief that is not afforded under
section 232.008.  Accordingly, they did not prove as a matter of law that the
Commissioners Court was required to grant their application under section
232.008, and the district court did not err in denying the Mattox Parties= Motion.  For
these reasons, the Mattox Parties= first and third
issues should be overruled.[4]

                             The Commissioners
Court Parties= Motion








In their traditional motion for summary
judgment, the Commissioners Court Parties asserted that, as a matter of law,
subsection (h) applied and gave the Commissioners Court discretion to deny the
Mattox Parties= application for cancellation.[5] 
Under the unambiguous language of subsection (h), if section 232.008 applied,
the Commissioners Court had discretion to deny the Mattox Parties= application for
cancellation if the Commissioners Court determined that such a cancellation Awill prevent the
proposed interconnection of infrastructure to pending or existing development.@[6]  See Tex. Loc. Gov=t Code Ann. ' 232.008(h).  As
explained by the majority, the summary-judgment evidence did not prove as a
matter of law that there was pending or existing development on the Jacksons= property.  See
ante at p. 15.  Therefore, the district court erred in granting the motion
filed by the Commissioners Court Parties.  This court should sustain the fourth
issue and reverse the district court=s summary judgment
on this basis alone.[7]

                                                     Conclusion

This court correctly reverses the district
court=s judgment and
remands for further proceedings; however, rather than relying on the analysis
set forth in the majority opinion, this court should remand for further
proceedings consistent with the analysis set forth above. 

 

 

 

 

/s/      Kem
Thompson Frost

Justice

 

 

Panel consists of Chief Justice
Hedges and Justices Yates and Frost (Hedges, C.J., majority).









[1]  The dissenting opinion of October 29, 2009, is
withdrawn, and this dissenting opinion on rehearing is issued in its place.





[2]  Unless otherwise stated, all statutory references in
this opinion are to the Texas Local Government Code.





[3]  Other statutes give commissioners courts the
authority to close, abandon, vacate, or alter public roads.  See Tex. Transp. Code Ann. ' 251.051 (Vernon 1999).  Indeed, the Mattox Parties
unsuccessfully sought such relief from the Commissioners Court in July 2006. 
The Mattox Parties have not sought mandamus relief regarding the Commissioners
Court=s denial of this relief, and they state in their live
pleading in this case that the Commissioners Court correctly denied this
application.





[4]  Another ground set forth in the Mattox Parties= Motion was that mandamus relief should be granted as
a matter of law because the Commissioners Court Parties did not file a
sufficient answer to the petition. This ground also lacks merit.





[5]  Though the applicability of section 232.008 is
raised by the first and third issues, this issue is not raised by the fourth
issue, because the Commissioners Court Parties did not raise this issue as a
ground in their motion for summary judgment.





[6]  The legislature added subsection (h) to section
232.008 effective September 1, 1999, and subsection (h) applies only to land
subdivided or a plat filed on or after September 1, 1999.  See Act of
May 5, 1999, 76th Leg., R.S., ch. 129, '
10, 1999 Tex. Gen. Laws 574, 578.  Though this case does not involve land
subdivided after this date or a plat filed after this date, the Mattox Parties
did not raise this issue in the district court or on appeal.  Therefore, for
the purposes of this appeal, this court must presume that subsection (h)
applies to this case.





[7]  The court correctly overrules the fifth issue and
concludes that this court need not address the  second issue.