# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00063-CV

---

**Mary Catherine Person, Appellant**

**v.**

**Martha Pyron, Appellee**

---

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-003095, THE HONORABLE TIM SULAK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Mary Catherine Person appeals from orders disposing of cross-motions for summary judgment on claims and counterclaims arising from her neighbor's erection of a fence located on land allegedly acquired by Person under the doctrine of adverse possession. We will affirm.

## BACKGROUND

Person and Martha Pyron are next-door neighbors, with Person owning the residential lot immediately west of Pyron's. Person has owned her lot since 2005. During Person's tenure on the property, Pyron's lot was owned by Allison Goldring until 2007 and by Bonnie Gilson from 2007 to 2016. Pyron purchased her lot from Gilson in 2016. Person and Pyron disagree on the boundary between the backyards of their respective lots. Their disagreement arises from the successive erection of three fences.

The first fence (Goldring Fence) was erected by Goldring sometime after 2001 but before Person purchased the lot next door. At the time, there was a chain-link fence that generally followed the property line. Rather than remove that fence and risk runaway pets, Goldring elected to erect her new fence along a parallel line on her own property, leaving a narrow strip of land between the fences. In deposition testimony, Goldring averred that the neighboring owner was aware that the placement of the Goldring Fence did not reflect the property line and that Goldring did not intend to forfeit ownership of any part of what is now Pyron's lot. The chain-link fence was subsequently removed, leaving just the Goldring Fence separating the two yards.

The next fence (Gilson Fence) was a joint enterprise between Gilson and Person. As Gilson described it, "[T]he fence that was there [i.e., the Goldring Fence] was slatted so that you could see in between each slat." She explained that "our dogs started to have altercations through the open parts of the fence." In 2015, the two women "agreed to put in a solid fence" and to split the cost. When it came to the placement of the fence, Gilson recalled, "[I] think it was our assumption that we would just put the fence where the old fence was." She continued, "[A]t some point along the way . . . I knew that the fence was on my [side of] the property, but I didn't care."

The newest fence (Pyron Fence) arose from concerns about possible encroachment when Person began construction of a deck in 2016. Pyron apparently informed Person that the Gilson Fence did not reflect the actual property line and then contracted for a land survey and construction of a new fence (i.e., the Pyron Fence) that would accurately reflect the legally recorded property line. The survey revealed that the new deck encroached onto

2

Pyron's lot in two places, and Pyron asked Person to eliminate the encroachment. Person declined to do so.

**PROCEDURAL HISTORY**

Person sued Pyron in Travis County district court, claiming trespass under a theory of adverse possession and seeking an injunction ordering Pyron to remove her fence. Pyron counterclaimed for trespass and sought declaratory relief, injunctive relief, and damages. *See* Tex. Civ. Prac. & Rem. Code § 37.004(c) (creating cause of action for "the determination of the proper boundary line between adjoining properties"). Both parties moved for final summary judgment. *See* Tex. R. Civ. P. 166a. Following a hearing on the motions, the district court granted Pyron's motion for summary judgment, denied Person's motion, and declared, "The true and valid property line between the properties . . . is and shall be shown as on the survey dated January 9, 2018." The court then ordered Person to:

> remove all encumbrances, fences, fence poles, decking, or any other encumbrance that she (and or [sic] any agents or contractors who may have worked for her) has/have caused to exist on Defendant's property . . . including but not limited to the front yard fence and the portions of her deck that are protruding onto Defendant's property as shown by the Survey.

The court declined to award attorney's fees to Pyron and declined Person's request for findings of fact and conclusions of law. Person now challenges the two orders disposing of the cross-motions for summary judgment.

**DISCUSSION**

Person contends the district court erred by granting Pyron's motion for traditional summary judgment and denying her own. *See* Tex. R. Civ. P. 166a. When both parties move for

3

final summary judgment on overlapping issues and the trial court grants one and denies the other, we review all the evidence, resolve all issues, and render the judgment the trial court should have rendered. *See Texas Workers' Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 648 (Tex. 2004); *CU Lloyd's of Tex. v. Feldman*, 977 S.W.2d 568, 569 (Tex. 1998) (per curiam).

**Person's Motion for Summary Judgment**

Person first alleges error in the district court's summary-judgment dismissal of her claim for injunctive relief from trespass. Because it is dispositive of this issue, we will begin with Person's theory of adverse possession. Adverse possession is "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." *See* Tex. Civ. Prac. & Rem. Code § 16.021(1). To prevail with a theory of adverse possession, a plaintiff must prove: (1) actual and visible possession of the disputed property; (2) that is adverse and hostile to the claim of the owner of record title; (3) that is open and notorious; (4) that is peaceable; (5) that is exclusive; and (6) involves continuous cultivation, use, or enjoyment for the duration of the applicable statutory period. *See Kazmir v. Benavides*, 288 S.W.3d 557, 561 (Tex. App.—Houston [14th Dist.] 2009, no pet.). In this case, Person must prove continuous adverse use for at least ten years. *See* Tex. Civ. Prac. & Rem. Code § 16.026(a) ("A person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property.").

Person's claim of trespass fails as a matter of law because this record precludes her from proving the second and sixth elements of her theory of adverse possession. With respect to the nature of Person's possession of the disputed strip of land, Goldring attested that

4

she never intended to relinquish her right to that land when she erected the Goldring Fence. She further averred that she knowingly allowed the owner of the neighboring lot to use that part of her lot. Similarly, Bonnie Gilson testified that she was aware of Person's use of the property and did not oppose it, recalling, "[A]t some point along the way . . . I knew that the fence was on my [side of] the property, but I didn't care." Because Goldring and Gilson knowingly permitted Person to use the now-disputed strip of land, Person's possession was neither "inconsistent with" nor "hostile to" to the rights of the actual title holder. *See id.* § 16.021(1).

An inceptively permissive use—like Person's use here—does not become hostile until the land user puts the title holder on notice of the adverse claim of right. *See Galindo v. Alexander*, 248 S.W.2d 171, 173 (Tex. App.—San Antonio 1952, writ ref'd n.r.e.). On this record, Person's possession did not become adverse until Pyron informed Person of the recorded property line and Person asserted a possessory right to part of Pyron's lot. These events occurred sometime in 2016 or 2017. Thus, while Person may have demonstrated continuous enjoyment of the disputed property for several years, she cannot show continuous *adverse* possession for a period of ten years, as required to prevail with this legal theory. *See Kazmir*, 288 S.W.3d at 561. Because Person's claim of trespass is predicated exclusively on her theory of adverse possession, the district court did not err in denying her motion for summary judgment.

**Pyron's Motion for Summary Judgment**

In what she styles as an argument in the alternative, Person contends Pyron did not satisfy her burden with respect to her own motion for summary judgment, which the district court granted. The basis for Person's alternate argument is not entirely clear, as it is not

5

expressly set forth separately in her brief. Even assuming she has not waived the issue due to inadequate briefing, *see* Tex. R. App. P. 38.1, we would reject her challenge.

The challenged order affords Pyron two types of relief: a declaration that the boundary between the two lots is as reflected in the 2018 survey, and an injunction ordering Person to remove any encumbrances or encroachments, including parts of her deck. On this record, there is no genuine dispute that Pyron is entitled to this relief. She produced the warranty deed reflecting her ownership of her lot and the 2018 survey showing the boundary between the two lots. Person did not challenge the accuracy of the deed or the land survey. Thus, Pyron established her right to the declaration included in the judgment.

The same evidence also supports the injunctive relief afforded in the judgment. The 2018 survey documents multiple structures encroaching from Person's property onto Pyron's. Pyron also submitted photos showing those encroachments. Person did not refute any of this evidence and does not deny that her structures protrude across the boundary now declared to be the legally accurate reflection of the property line. Thus, because a property owner is generally entitled to exclusive enjoyment of her premises, *Clearpoint Crossing Prop. Owners Ass'n & Cullen's LLC v. Chambers*, 569 S.W.3d 195, 201 (Tex. App.—Houston [1st Dist.] 2018, pet. denied), and because Pyron's evidence leaves no genuine question of fact with respect to the Pearson's encroachment onto Pyron's premises, Pyron is entitled to the injunctive relief afforded in the judgment. *See* Tex. Civ. Prac. & Rem. Code § 37.011 (allowing court presiding over claim for declaratory relief to afford "supplemental relief" "whenever necessary or proper"). The district court therefore did not err in granting Pyron's motion for summary judgment or in affording the relief included in the order granting the motion.

**CONCLUSION**

Having rejected Person's challenges to the district court's orders, we affirm those orders.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed:   March 18, 2020